**Sam and Jean POCHUCHA,**
**Appellants,**

v.

**GALBRAITH ENGINEERING**
**CONSULTANTS, INC.,**
**Appellee.**

**No. 04–07–00119–CV.**

Court of Appeals of Texas,
San Antonio.

Sept. 12, 2007.

Rehearing Overruled Nov. 6, 2007.

Christopher D. Below, Robert W. Loree, Loree, Hernandez & Lipscomb, P.L.L.C., San Antonio, for appellants.

Ian M. McLin, Langley & Banack, Inc., San Antonio, for appellee.

Sitting: ALMA L. LÓPEZ, Chief Justice, SANDEE BRYAN MARION, Justice, PHYLIS J. SPEEDLIN, Justice.

## OPINION

Opinion by SANDEE BRYAN MARION, Justice.

This is an appeal from a summary judgment rendered in favor of appellee, Galbraith Engineering Consultants, Inc. ("Galbraith"). We reverse and remand.

## BACKGROUND

On April 10, 2003, Sam and Jean Pochucha purchased a home built by Bill Cox Constructors, Inc. ("Bill Cox") in September of 1995. After purchasing the home, the Pochuchas noticed water would leak into the lower rooms after it rained. The Pochuchas had the home inspected by engineers who informed them the french drain system under the foundation of the house was improperly designed and installed. On April 1, 2005, the Pochuchas filed suit against Bill Cox for the damage to their home. On November 3, 2005, Bill Cox filed a motion for leave to designate Galbraith as a responsible third party.[1] On December 1, 2005, the trial court

---

1. Bill Cox also designated Swientek Construction Company as a responsible third party because Bill Cox had subcontracted with Swientek to install the french drain system. However, Swientek is not part of this appeal.

granted Bill Cox leave to designate Galbraith as a responsible third party. On January 27, 2006, the Pochuchas joined Galbraith as a defendant. On June 28, 2006, Galbraith moved for summary judgment, seeking dismissal of the Pochuchas' claims on the ground that the ten-year limitations period set forth in Civil Practice and Remedies Code section 16.008(a) barred any claims against it for liability. On November 8, 2006, the trial court signed an order granting Galbraith's motion for summary judgment and dismissing the Pochuchas' claims against Galbraith with prejudice.

## MOTION FOR SUMMARY JUDGMENT

In one issue on appeal, the Pochuchas argue the trial court erred in granting Galbraith's motion for summary judgment because they timely added Galbraith within sixty days after Galbraith was designated a responsible third party pursuant to Civil Practice and Remedies Code section 33.004, which provides:

> If a person is designated under this section as a responsible third party, *a claimant is not barred by limitations* from seeking to join that person, even though such joinder would otherwise be barred by limitations, if the claimant seeks to join that person not later than 60 days after that person is designated as a responsible third party.

2. While either a statute of limitations or a statute of repose "sets deadlines for plaintiffs to file claims, the period set under a statute of repose is independent of the claim's accrual or discovery." *Holubec v. Brandenberger,* 111 S.W.3d 32, 37 (Tex.2003). "Thus, statutes of repose not only cut off rights of action within a specified time after they accrue, but also they may even cut off rights of action before they accrue at all." *Id.*

3. *See Holubec,* 111 S.W.3d at 37 (acknowledging section 16.008(a) as a ten-year statute

TEX. CIV. PRAC. & REM.CODE ANN. § 33.004(e) (Vernon Supp.2006) (emphasis added).

In its motion for summary judgment, Galbraith relied on Civil Practice and Remedies Code section 16.008, which requires that a suit be filed "not later than 10 years after the substantial completion of the improvement or the beginning of operation of the equipment in an action arising out of a defective or unsafe condition of the real property, the improvement, or the equipment." *Id.* § 16.008(a) (Vernon 2002). Galbraith argued that because section 16.008 is a statute of repose[2] and section 33.004(e) refers to "limitations," section 33.004(e) does not apply to extend the ten-year period contained in section 16.008. Thus, Galbraith concludes, the Pochuchas' claim is time-barred because they sued Galbraith after the expiration of the ten-year period. We disagree.

While section 16.008 may be a statute of repose,[3] the Texas Legislature did not distinguish between statutes of limitations or statutes of repose when it enacted section 33.004(e). Civil Practice and Remedies Code section 33.002 provides in relevant part, with certain exceptions not applicable here, that Chapter 33 "applies to *any* cause of action based on tort in which a defendant, settling person, or responsible third party is found responsible for a percentage of the harm for which relief is sought."[4] TEX. CIV. PRAC. & REM.

of repose for construction industry); *Trinity River Auth. v. URS Consultants, Inc.,* 889 S.W.2d 259, 261 (Tex.1994) (noting section 16.008 "is commonly referred to as a 'statute of repose.' ").

4. Section 33.002 expressly states the claims to which it is not applicable. *See id.* § 33.002(c) (an action to collect workers' compensation benefits under the Texas workers' compensation laws or actions against an employer for exemplary damages arising out of the death of an employee; (2) a claim for exemplary dam-

Code Ann. § 33.002 (emphasis added). Both section 16.008(c) and section 33.004(e) specifically refer to "limitations." *Id.* § 16.008(c) ("10–year *limitations* period") (emphasis added); *id.* § 33.004(e) ("a claimant is not barred by *limitations*") (emphasis added). Thus, other than the claims specifically excluded in section 33.002(c), we conclude the Legislature used the word "limitations" in section 33.004(e) for the purpose of referring to each of the "limitations" periods listed in Civil Practice and Remedies Code Chapter 16, without regard to whether those "limitations" periods were determined to be statutes of repose.[5] *See Cornyn v. Universe Life Ins. Co.*, 988 S.W.2d 376, 379 (Tex.App.-Austin 1999, pet. denied) (we read every word of a statute as if it were deliberately chosen and presume that omitted words were excluded purposefully). We also conclude our holding is not contrary to the purpose of a statute of repose, which is "to give absolute protection to certain parties from the burden of indefinite potential liability." *Holubec v. Brandenberger*, 111 S.W.3d 32, 37 (Tex. 2003). Section 33.004(e) provides for only a sixty-day extension after a party is designated as a responsible third party, which does not expose members of the construction industry to "indefinite" liability.

Because we believe section 33.004(e) applies to section 16.008 to allow a party to be joined after the expiration of the ten-year period set forth in section 16.008, we hold the trial court erred in granting Galbraith's motion for summary judgment and dismissing the Pochuchas' claims against Galbraith.

## CONCLUSION

We reverse the trial court's judgment and remand for further proceedings consistent with this opinion.

---

ages included in an action to which Chapter 33 otherwise applies; or (3) a cause of action for damages arising from the manufacture of methamphetamine as described by Chapter 99). Claims made under statutes of repose are not among those excluded from applicability.

5. We note that the Legislature itself has designated only one of the "limitations" periods in Chapter 16 as a statute of repose and it is section 16.011, which pertains to surveyors. *See* Tex. Civ. Prac. & Rem.Code Ann. § 16.011(c) ("This section is a statute of repose and is independent of any other limitations period."). However, despite its specific designation in subsection (c) as a statute of repose, section 16.011 still uses the word "limitations" twice: in subsection (c) itself and in subsection (b). *See id.* § 16.011(b) ("If the claimant presents a written claim for damages to the surveyor during the 10–year *limitations* period, the period will be extended for two years from the date the claim is presented.") (emphasis added). We also note that although the Texas Supreme Court has acknowledged that certain sections in Chapter 16 are statutes of repose, the Court referred to the periods of time specified in those sections in which the claim must be brought as "limitations periods." *Holubec*, 111 S.W.3d at 37 ("Statutes of repose do not typically shorten an existing *limitations* period; instead, they fix the outer limit beyond which no action can be maintained.") (emphasis added).