

Court Of Appeals
Fourth Court of Appeals District of Texas
San Antonio

# MEMORANDUM OPINION

No. 04-08-00379-CV

Patrick **KIMBRELL**, M.D. and John Horan, M.D.,
Appellants

v.

Jeremy **MOLINET**,
Appellee

From the 57th Judicial District Court, Bexar County, Texas
Trial Court No. 2005-CI-14669
Honorable Joe Frazier Brown, Jr., Judge Presiding

Opinion by:     Catherine Stone, Justice
Concurring Opinion by:  Rebecca Simmons, Justice

Sitting:        Catherine Stone, Justice
                Phylis J. Speedlin, Justice
                Rebecca Simmons, Justice

Delivered and Filed:    December 31, 2008

REVERSED AND RENDERED, CAUSE REMANDED

Patrick Kimbrell, M.D. and John Horan, M.D. appeal the trial court's order denying their

motions for summary judgment. Jeremy Molinet amended his pleadings to join Kimbrell and Horan

as additional defendants after Marque Allen, D.P.M. designated them as responsible third parties.

Kimbrell and Horan contend the trial court erred in denying their motions because section 33.004(e)

of the Texas Civil Practice and Remedies Code ("Code"), which permits a plaintiff to join a person

designated as a responsible third party as a defendant within sixty days of the designation, cannot be used to circumvent the two-year limitations bar contained in section 74.251 of the Code. We reverse the trial court's order and render judgment that Molinet's claims against Kimbrell and Horan are dismissed. The cause is remanded for further proceedings.

## BACKGROUND

In 2005, Molinet sued several parties, including his podiatrist, Dr. Marque Allen, for damages. Molinet asserted personal injury and medical malpractice claims relating to an injury he sustained to his Achilles tendon and the subsequent treatment of the injury. On August 24, 2007, Allen designated Kimbrell and Horan as responsible third parties. On August 24, 2007, Molinet amended his petition to join Kimbrell and Horan as additional parties.

Kimbrell and Horan each moved for summary judgment and asserted Molinet's claims against them were barred by the two-year limitations period contained in section 74.251 of the Code. Molinet responded that his claims were timely pursuant to section 33.004(e) of the Code. The trial court denied the motions, and Kimbrell and Horan filed this interlocutory appeal pursuant to section 51.014(d) based on the parties' agreement and the trial court's finding that the order involves a controlling question of law.

## STANDARD OF REVIEW

We review a trial court's summary judgment order concerning statutory construction *de novo*. *See City of San Antonio v. City of Boerne*, 111 S.W.3d 22, 25 (Tex. 2003). To construe a statute, we try to determine and give effect to the Legislature's intent by examining the plain and common meaning of the statute's words. *State ex rel. State Dep't of Highways & Pub. Transp. v. Gonzalez*, 82 S.W.3d 322, 327 (Tex. 2002); *see also* TEX. GOV'T CODE ANN. § 312.003 (Vernon 2008); *Am.*

*Home Prods. Corp. v. Clark*, 38 S.W.3d 92, 95 (Tex. 2000). We read the statute as a whole rather than in isolated portions. *Jones v. Fowler*, 969 S.W.2d 429, 432 (Tex. 1998). When the statute's text is clear and unambiguous, we interpret the statute according to its plain meaning. *See City of Rockwall v. Hughes*, 246 S.W.3d 621, 625-26 (Tex. 2008). We may consider extra-textual factors, such as legislative history, only if a contrary intention is apparent from the context or a construction would lead to an absurd result. *See City of Rockwall,* 246 S.W.3d at 625-26.

## DISCUSSION

Kimbrell and Horan contend section 74.251 contains an absolute two-year limitations period. Section 74.251 states:

> Notwithstanding any other law and subject to Subsection (b), no health care liability claim may be commenced unless the action is filed within two years from the occurrence of the breach or tort or from the date the medical or health care treatment that is the subject of the claim or the hospitalization for which the claim is made is completed[.]

TEX. CIV. PRAC. & REM. CODE ANN. § 74.251 (Vernon 2008). Kimbrell and Horan assert that the inclusion of the "notwithstanding any other law" phrase in section 74.251 provides clear and unambiguous language of the Legislature's intent that the limitations period would control over any conflicting law. Kimbrell and Horan further assert that the sixty-day period to join a person designated as a responsible third party pursuant to section 33.004(e) does not create an exception to the two-year limitations period set forth in section 74.251.

Molinet relies on the following language in section 33.004(e) of the Code:

> If a person is designated under this section as a responsible third party, a claimant is not barred by limitations from seeking to join that person, even though such joinder would otherwise be barred by limitations, if the claimant seeks to join

that person not later than 60 days after that person is designated as a responsible third party.

TEX. CIV. PRAC. & REM. CODE ANN. § 33.004(e) (Vernon 2008). Molinet argues sections 74.251 and 33.004(e) can be construed together to give effect to both provisions. According to Molinet, the two-year limitations period under section 74.251 does not apply to situations where a responsible third party is designated and sought to be joined within sixty days; however, if no persons are designated as responsible third parties, then the two-year limitations period of section 74.251 continues to apply.

Both Chapter 74 and Chapter 33 of the Code include a conflicts of law provision to be used in reconciling any potential conflicts with other provisions. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 33.017 (Vernon 2008); TEX. CIV. PRAC. & REM. CODE ANN. § 74.002 (Vernon 2008). Section 74.002 of the Code provides that Chapter 74 will control to the extent there is any conflict between it and another chapter. TEX. CIV. PRAC. & REM. CODE ANN. § 74.002 (Vernon 2008). Similarly, section 33.017 of the Code states that the rights of the indemnified parties shall prevail to the extent there is conflict between Chapter 33 and any other chapter. TEX. CIV. PRAC. & REM. CODE ANN. § 33.017 (Vernon 2008). Because both chapters contain this language, the conflicts of law provision does not aid us in determining the Legislature's intent.

Section 74.251's use of the phrase "notwithstanding any other law" is instructive, however, and unequivocally expresses the Legislature's intent for section 74.251 to govern when its limitations period conflicts with other laws. *See Bala v. Maxwell*, 909 S.W.2d 889, 892 (Tex. 1995). In *Chilkewitz v. Hyson, M.D., P.A.*, 22 S.W.3d 825, 829 (Tex. 1999), the Texas Supreme Court held that section 10.01, now section 74.251, forecloses the operation of any statute "that would otherwise extend limitations." Since section 33.004(e) is a statute that would extend limitations, section

74.251 precludes giving it any effect. *See id.* As the court further noted in *Chilkewitz*, "[o]ther than cases concerning the open courts provision of the Texas Constitution and the tolling provisions expressly contained within the Medical Liability and Insurance Improvement Act itself, section 10.01 [now 74.251] imposes an absolute two-year statute of limitations on health care liability actions." *Id.* Stated differently, the "any other law" language is triggered "when the statute or rule at issue purports to either commence, toll, or extend limitations." *Gomez v. Pasadena Health Care Mgmt., Inc.*, 246 S.W.3d 306, 316 (Tex. 2008). While the tolling provision of section 33.004(e) reflects strong policy considerations of the Legislature to protect a plaintiff, "section 10.01 [now 74.251] expressly makes the tolling statute inapplicable to health care liability claims, reflecting a considered legislative judgment in favor of the prompt resolution of such claims." *Yancy v. United Surgical Partners Int'l, Inc.*, 236 S.W.3d 778, 784 (Tex. 2007).

Molinet cites this court's decision in *Pochucha v. Galbraith Engineering*, 243 S.W.3d 138 (Tex. App.–San Antonio 2007, pet. granted), as authority for the proposition that only claims specifically excluded by section 33.002(c) are excluded from the application of section 33.004(e). Unlike chapter 16, which was being analyzed in *Pochucha*, section 74.251 contains clear and unambiguous language that the two-year limitations period applies "[n]otwithstanding any other law." Therefore, *Pochucha* is clearly distinguishable from the instant case.

Although both parties address the legislative history of section 74.251 in their briefs, we do not resort to extra-textual factors when the statute is unambiguous. *See City of Rockwall*, 246 S.W.3d at 625-26; *Tex. Dep't of Protective and Regulatory Servs. v. Mega Child Care, Inc.*, 145 S.W.3d 170, 177 (Tex. 2004). In this case, the language of section 74.251 clearly provides an absolute two-year statute of limitations period "notwithstanding any other law." The concerns

expressed in the concurring opinion are well founded; however, we are constrained to rule as we do.

As long noted by the Texas Supreme Court:

> Courts may take statutes as they find them. More than that, they should be willing to take them as they find them. They should search out carefully the intendment of a statute, giving full effect to all of its terms. But they must find its intent in its language, and not elsewhere.... They are not responsible for omission in legislation.

*RepublicBank Dallas, N.A. v. Interkal, Inc.*, 691 S.W.2d 605, 607 (Tex. 1985)(quoting *Simmons v. Arnim*, 110 Tex. 309, 324, 220 S.W. 66, 70 (Tex. 1920)).

## CONCLUSION

Because the "notwithstanding any other law" language of section 74.251 imposes an absolute two-year limitations period on health care liability claims, we hold the trial court erred in denying the motions for summary judgment. We reverse the trial court's order and render judgment dismissing Molinet's claims against Kimbrell and Horan. The cause is remanded for further proceedings.


Catherine Stone, Justice