**GALBRAITH ENGINEERING CONSULTANTS, INC.,**
Petitioner,

v.

**Sam POCHUCHA and Jean Pochucha,**
Respondents.

No. 07–1051.

Supreme Court of Texas.

Argued Dec. 11, 2008.

Delivered June 26, 2009.

Ian M. Mclin, Roy Lee White, Stephen E. Walraven, Langley & Banack, Inc., San Antonio, TX, for Petitioner.

Robert W. Loree, Christopher Dean Below, Loree, Hernendez & Lipscomb, PLLC, San Antonio, TX, for Respondent.

Yvonne Roselyn Castillo, Austin, TX, Brendan K. McBride, Prichard Hawkins McFarland & Young, L.L.P., San Antonio, Reagan W. Simpson, King & Spalding LLP, Austin, TX, John G. Bissell, Strong Pipkin Bissell & Ledyard, LLP, Houston,

Diana L. Faust, Cooper & Scully, P.C., Dallas, TX, Kathleen Cassidy Goodman, Law Office of Kathleen C. Goodman, PLLC, Boerne, TX, Peter M. Kelly, Law Office of Peter M. Kelly, P.C., Houston, TX, Reagan L. Butts, Cotton, Bledsoe, Tighe & Dawson, P.C., Midland, TX, for Amicus Curiae.

Justice MEDINA delivered the opinion of the Court.

Section 33.004(e) of the Civil Practice and Remedies Code purports to revive claims otherwise "barred by limitations" under certain limited circumstances. The issue in this summary judgment appeal is whether this statute applies to revive a claim otherwise barred by a statute of repose, as distinguished from a statute of limitations. The court of appeals concluded that the statute was capable of reviving claims barred by either statutes of limitations or statutes of repose. 243 S.W.3d 138, 141. We conclude that the Legislature did not intend for this statute to revive claims extinguished by a statute of repose. Accordingly, we reverse the court of appeals' judgment and render judgment dismissing the plaintiffs' claim in this case.

I

The underlying litigation concerns the design and construction of a house. Sam and Jean Pochucha purchased the house from Chase Manhattan Mortgage Corporation in April 2003. Bill Cox Constructors, Inc. had built the house about eight years before the Pochuchas' purchase. After moving into their new home, the Pochuchas noticed that moderate to heavy rainfall would cause water damage in the lower rooms. An investigation revealed a problem with the french drain system.

The Pochuchas thereafter sued the builder, Bill Cox, for negligence and viola-

tions of the Texas Deceptive Trade Practices Act. In response, the builder answered and filed a motion for leave to designate Galbraith Engineering Consultants, Inc. and Swientek Construction Company as responsible third parties for purposes of proportionate responsibility under chapter 33 of the Civil Practice and Remedies Code. According to the builder, Galbraith had designed and inspected the installation of the french drain system, while Swientek had performed the actual installation.

After the trial court approved Galbraith and Swientek's designation as responsible third parties, the Pochuchas amended their pleadings to join them as defendants. *See* TEX. CIV. PRAC. & REM.CODE § 33.004(e). Galbraith responded by moving for summary judgment under the applicable statute of repose, contesting its joinder because more than ten years had elapsed since the completion of the improvement. *See id.* § 16.008 (barring suits against engineers for their design, plan, or inspection of the construction of an improvement to real property ten years after its substantial completion). The trial court granted Galbraith's motion, severed the Pochuchas' claims against Galbraith, and dismissed that part of the case with prejudice. The court of appeals, however, reversed the summary judgment and remanded the case against Galbraith for further proceedings. 243 S.W.3d 138.

## II

■ Section 16.008 of the Civil Practice and Remedies Code is a statute of repose. *Johnson v. City of Fort Worth,* 774 S.W.2d 653, 654 (Tex.1989) (per curiam). It bars a claim for damages relating to the design, plan, or inspection of the construction of an improvement to real property ten years after the substantial completion of the improvement by an engineer, among others.[1] Because the Pochuchas joined Galbraith as a defendant in this suit more than ten years after the completion of the improvement, Galbraith argues that the statute must be applied to foreclose the Pochuchas' claims against it.

The court of appeals concluded, however, that the claim was not foreclosed, but rather had been revived under section 33.004(e)[2] of the Civil Practice and Remedies Code. 243 S. W.3d at 141. Section 33.004(e) is a part of chapter 33, the statutory scheme for the apportionment of responsibility in tort and deceptive trade practice actions. *See* TEX. CIV. PRAC. & REM.CODE § 33.001–.017.

Chapter 33 provides, among other things, that a defendant in such an action may seek to designate a person, who has not been sued by a claimant, as a responsible third party. *Id.* § 33.004(a). A responsible third party may include any person who is alleged to have caused in any way the harm for which the claimant seeks damages. *Id.* § 33.011(6). When such a designation is made, a claimant may also be able to join that person as a defendant, and, if joinder is sought within sixty days of the designation, limitations cannot be raised as a bar. *Id.* § 33.004(e). Because the Pochuchas joined Galbraith as a defen-

---

**1.** The statute also applies to architects, interior designers, and landscape architects.

**2.** "If a person is designated under this section as a responsible third party, a claimant is not barred by limitations from seeking to join that person, even though such joinder would oth-

erwise be barred by limitations, if the claimant seeks to join that person not later than 60 days after that person is designated as a responsible third party." TEX. CIV. PRAC. & REM. CODE § 33.004(e).

dant within the sixty-day window provided under section 33.004(e), the court of appeals concluded that the claim had been revived. 243 S.W.3d at 141.

Galbraith argues, however, that section 33.004(e) only revives claims "barred by limitations." Because the revival statute does not mention repose, Galbraith contends that it cannot be used to revive a claim extinguished by a statute of repose. The court of appeals concluded, however, that the revival statute applied both to statutes of repose and statutes of limitations, reasoning that the Legislature had used the term "limitations" to refer to both types of statutes. 243 S.W.3d at 141 (noting that Civil Practice and Remedies Code chapter 16, entitled "Limitations," contains both statutes of limitations and statutes of repose). Although the Legislature has grouped statutes of limitation and statutes of repose together in chapter 16 of the Civil Practice and Remedies Code under the general heading of "Limitations," there are significant differences between the two.

■■■ Statutes of repose typically provide a definitive date beyond which an action cannot be filed. *Holubec v. Brandenberger,* 111 S.W.3d 32, 37 (Tex.2003). "Unlike traditional limitations provisions, which begin running upon accrual of a cause of action, a statute of repose runs from a specified date without regard to accrual of any cause of action." *Trinity River Auth. v. URS Consultants, Inc.,* 889 S.W.2d 259, 261 (Tex.1994). Repose then differs from limitations in that repose not only cuts off rights of action after they accrue, but can cut off rights of action

before they accrue. *Holubec,* 111 S.W.3d at 37. And while statutes of limitations operate procedurally to bar the enforcement of a right, a statute of repose takes away the right altogether, creating a substantive right to be free of liability after a specified time. *See Trinity River Auth.,* 889 S.W.2d at 261. Thus, the purpose of a statute of repose is to provide "absolute protection to certain parties from the burden of indefinite potential liability." *Holubec,* 111 S.W.3d at 37.

The court of appeals has concluded, however, that reviving a claim otherwise barred by a statute of repose is not essentially contrary to this purpose because the revival statute in this instance merely provides for a limited sixty-day extension. 243 S.W.3d at 141. The Legislature can, of course, provide for the extension of a period of repose. *See, e.g.,* TEX. CIV. PRAC. & REM.CODE § 16.008(c) (providing that presenting a written claim for damages to an engineer within the ten-year period extends the period "for two years from the day the claim is presented"). But applying the revival statute to revive a period of repose does more than merely extend the period for two months. It effectively renders the period of repose indefinite by attaching the claim's revival to the existence of some other claim and party that may not be subject to the same or similar period of repose.

Here, both the original defendant, Bill Cox, and the subsequently designated responsible third party, Galbraith, worked on the same improvement to real property and were subject to similar ten-year statutes of repose.[3] Hence, the court of appeals viewed section 33.004(e) as extending the period only by sixty days. But in

---

3. There is a separate ten-year statute of repose for contractors who make improvements to real property. *See* TEX. CIV. PRAC. & REM CODE § 16.009; *see also Ryland Group, Inc. v. Hood,* 924 S.W.2d 120, 121 (Tex.1996) (per curiam). Whether the Pochuchas timely filed

other cases a responsible third party may be subject to a longer period of repose or none at all, creating an opportunity for revival many months or years beyond the ten-year period of repose prescribed by section 16.008. A products liability claim would be an example of this.

We have held that section 16.008 was not intended to grant repose to manufacturers in product liability suits and only precludes suits against persons or entities in the construction industry that annex personalty to realty. *Sonnier v. Chisholm–Ryder Co.*, 909 S.W.2d 475, 478–83 (Tex.1995). Moreover, products claims now have their own statute of repose, a fifteen-year period to which exception is made for products with longer warranties and for products that cause latent diseases. *See* TEX. CIV. PRAC. & REM.CODE § 16.012(b)-(e). Thus, a manufacturer or seller of a defective product can be sued years after the ten-year period of repose at issue here. Assuming that this product was used in an improvement to real property, the seller or manufacturer named as a defendant might years later designate the party who installed its product as a responsible third party, and, under the court of appeals' view, invoke the sixty-day window in section 33.004(e) to revive a claim otherwise subject to section 16.008 many years after the running of the ten-year statute of repose.

### III

■ Statutes of repose are created by the Legislature, and the Legislature may, of course, amend them or make exceptions to them. The question here, however, is whether the Legislature intended to make such an exception when it enacted section 33.004(e) as part of its proportionate responsibility scheme, that is, did the Legislature intend for the revival statute to operate as a general exception to periods of repose.

■ Statutory construction is a question of law we review de novo. *First Am. Title Ins. Co. v. Combs*, 258 S.W.3d 627, 631 (Tex.2008). In construing statutes, our primary objective is to give effect to the Legislature's intent as expressed in the statute's language. TEX. GOV'T CODE § 312.005; *First Am. Title*, 258 S.W.3d at 631–32. If the words of a statute are clear and unambiguous, we apply them according to their plain and common meaning. *City of Rockwall v. Hughes*, 246 S.W.3d 621, 625–26 (Tex.2008).

■ It is unclear here, however, whether the Legislature intended the term "limitations" in section 33.004(e) to apply narrowly to statutes of limitations or more broadly to include statutes of repose because the term has been used in both contexts.[4] When the plain language of a statute does not convey the Legislature's apparent intent, we may resort to additional construction aids, such as the objective of the law, the legislative history, the common law or former statutory provisions,

suit against Bill Cox is not at issue in this appeal.

4. The statutes of repose in chapter 16 of the Civil Practices and Remedies Code refer to limitations rather than a period of repose. *See* TEX CIV. PRAC. & REM CODE § 16.008(c) (mentioning "10–year limitations period"); *id.* § 16.009(c)(same); *id.* § 16.011(b) (same); *id.* § 16.012(d–1) (mentioning "limitations period under this section"). Only section 16.011 mentions repose. *Id.* § 16.011(c) ("This section is a statute of repose and is independent of any other limitations period."). Elsewhere in the Code the Legislature has used the phrase "limitations and repose" when referencing both statutes of limitations and statutes of repose rather than simply using the term "limitations" as it did in section 33.004(e). *See id.* § 150.002(f) (relating to a "certificate of merit" in actions against design professionals, such as architects and engi-

including laws on the same or similar subject, and the consequences of a particular construction. *Hughes,* 246 S.W.3d at 626; Tex. Gov't Code § 311.023.[5]

The consequence of construing "limitations" broadly here informs our decision. Such a construction would defeat the recognized purpose for statutes of repose, that is, the establishment of a definite end to the potential for liability, unaffected by rules of discovery or accrual. *Holubec,* 111 S.W.3d at 37; *Trinity River Auth.,* 889 S.W.2d at 261; *Johnson,* 774 S.W.2d at 654 n. 1. As already observed, statutes of repose create a substantive right to be free from liability after a legislatively determined period. *Trinity River Auth.,* 889 S.W.2d at 261; *see also Cadle Co. v. Wilson,* 136 S.W.3d 345, 350 (Tex.App.-Austin 2004, no pet.). In contrast, statutes of limitations are procedural devices operating as a defense to limit the remedy available from an existing cause of action. *Cadle Co.,* 136 S.W.3d at 350. A statute of repose thus represents the Legislature's considered judgment as to the inadequacy of the traditional statutes of limitations for some types of claims. *Sowders v. M.W. Kellogg Co.,* 663 S.W.2d 644, 647 (Tex. App.-Houston [1st Dist.] 1983, writ ref'd n.r.e.). The statute of repose at issue here is no different.

When first enacted in 1969, the stated purpose of this statute of repose was to eliminate "unlimited time liability" against engineers or architects. Act of May 27, 1969, 61st Leg., R.S., ch. 418, § 2, 1969 Tex. Gen. Laws 1379, 1379 (amended 1985) (current version at Tex. Civ. Prac. & Rem.Code § 16.008). The statute has been amended since 1969 to extend protection to interior designers and landscape architects, but its purpose of defining a definite period for liability to attach has not changed. Act of May 17, 1985, 69th Leg., R.S., ch. 959, § 1, 1985 Tex. Gen. Laws 3242, 3253 (amended 1997) (current version at Tex. Civ. Prac & Rem.Code § 16.008); Act of May 26, 1997, 75th Leg., R.S., ch. 860, § 1, 1997 Tex. Gen. Laws 2738, 2738 (current version at Tex. Civ. Prac. & Rem.Code § 16.008).

The proportionate responsibility scheme of chapter 33, on the other hand, is a complex statutory scheme for the comparative apportionment of responsibility among parties in most tort actions in Texas. Although the scheme initially equated responsibility with liability to the plaintiff or claimant, this is no longer the case.[6] Thus, a defendant may designate a responsible third party even though that party possesses a defense to liability, or cannot

---

neers, and stating: "This statute shall not be construed to extend any applicable period of limitation or repose."); *see also id.* § 147.043 (regarding the effect of legal disability, and explaining its application to "periods of limitation and repose"); *id.* § 147.044(b) (mentioning the "period of limitation or repose" under this section); Tex. Ins.Code § 462.309(c) (concerning "Stay of Proceedings" and stating: "Statutes of limitation or repose are not tolled during the stay, and any action filed during the stay is stayed upon the filing of the action.").

5. While the language in today's statute is somewhat unclear, thus justifying cautious use of secondary construction aids, we recent-

ly reaffirmed that such aids "cannot override a statute's plain words." *In re Collins,* 286 S.W.3d 911, 918 (Tex.2009) (citing *Alex Sheshunoff Mgmt.Servs., L.P. v. Johnson,* 209 S.W.3d 644, 652 (Tex.2006) ("Wherever possible, we construe statutes as written, but where enacted language is nebulous, we may cautiously consult legislative history to help divine legislative intent.")).

6. The proportionate responsibility chapter was enacted in 1995 and amended in 2003. The 1995 legislation contained a number of limitations on who might be named a responsible third party, such as a requirement for personal jurisdiction and a potential for liability to the claimant. Act of May 8, 1995,

be formally joined as a defendant, or both. Chapter 33 then is apparently unconcerned with the substantive defenses of responsible third parties, who are defined to include "any person who is alleged to have caused or contributed to causing in any way the harm for which recovery of damages is sought, whether by negligent act or omission, by any defective or unreasonably dangerous product, by other conduct or activity that violates an applicable legal standard, or by any combination of these." TEX. CIV. PRAC. & REM.CODE § 33.011(6). But we have found nothing in section 33.004 or the proportionate responsibility scheme to convince us that the Legislature intended to revive claims extinguished by a statute of repose. *Cf. Shirley v. Reif*, 260 Kan. 514, 920 P.2d 405, 412 (1996) (holding that a claim barred by a statute of repose cannot be revived by legislation enacted after the period of repose); *Farber v. Lok–N–Logs, Inc.*, 270 Neb. 356, 701 N.W.2d 368, 377–78 (2005) (holding amendment to product liability statute of repose could not resurrect action which prior version of statute of repose had already extinguished). Because application of the revival statute in this instance effectively renders the period of repose indefinite, a consequence clearly incompatible with the purpose for such statutes, we conclude that the Legislature intended for the term "limitations" in section 33.004(e) to refer only to statutes of limitations.

\*    \*    \*    \*    \*    \*

74th Leg., R.S., ch. 136, § 1, 1995 Tex. Gen. Laws 971, 973 (amended 2003) (current version at TEX. CIV. PRAC. & REM.CODE § 33.011). Certain potential parties, such as the claimant's employer and the bankrupt were expressly excluded. *Id.* The 2003 amendments substantially broadened the meaning of the term "responsible third party" to eliminate these restrictions. As one commentator has observed: "The thrust of the 2003 statute is

The judgment of the court of appeals is reversed and judgment is rendered dismissing the Pochuchas' claim against Galbraith because it is barred by the applicable ten-year statute of repose.

that the jury should allocate responsibility among all persons who are responsible for the claimant's injury, regardless of whether they are subject to the court's jurisdiction or whether there is some other impediment to the imposition of liability on them, such as a statutory immunity." 19 WILLIAM V. DORSANEO III, TEXAS LITIGATION GUIDE § 291.03[2][b][i] at 291–24.1 (2009).