IN THE SUPREME COURT OF TEXAS








IN THE SUPREME 
COURT OF TEXAS
════════════
No. 07-1051
════════════
Galbraith Engineering 
Consultants, Inc.,
Petitioner,
v.
Sam Pochucha and Jean Pochucha,
Respondents
════════════════════════════════════════════════════
On 
Petition for Review from the
Court of Appeals for the Fourth District of 
Texas
════════════════════════════════════════════════════
 
Argued December 
11, 2008
 
 
 
            
Justice Medina delivered 
the opinion of the Court.
 
            
Section 33.004(e) of the Civil Practice and Remedies Code purports to 
revive claims otherwise “barred by limitations” under certain limited 
circumstances. The issue in this summary judgment appeal is whether this statute 
applies to revive a claim otherwise barred by a statute of repose, as 
distinguished from a statute of limitations. The court of appeals concluded that 
the statute was capable of reviving claims barred by either statutes of 
limitations or statutes of repose. 243 S.W.3d 138, 141. 
We conclude that the Legislature did not intend for this statute to revive 
claims extinguished by a statute of repose. Accordingly, we reverse the court of 
appeals’ judgment and render judgment dismissing the plaintiffs’ claim in this 
case.
I
            
The underlying litigation concerns the design and construction of a 
house. Sam and Jean Pochucha purchased the house from 
Chase Manhattan Mortgage Corporation in April 2003. Bill Cox Constructors, Inc. 
had built the house about eight years before the Pochuchas’ purchase. After moving into their new home, the 
Pochuchas noticed that moderate to heavy rainfall 
would cause water damage in the lower rooms. An investigation revealed a problem 
with the french drain system.
            
The Pochuchas thereafter sued the builder, Bill 
Cox, for negligence and violations of the Texas Deceptive Trade Practices Act. 
In response, the builder answered and filed a motion for leave to designate 
Galbraith Engineering Consultants, Inc. and Swientek 
Construction Company as responsible third parties for purposes of proportionate 
responsibility under chapter 33 of the Civil Practice and Remedies Code. 
According to the builder, Galbraith had designed and inspected the installation 
of the french drain system, while Swientek had performed the actual installation.
            
After the trial court approved Galbraith and Swientek’s designation as responsible third parties, the 
Pochuchas amended their pleadings to join them as 
defendants. See Tex. Civ. Prac. 
& Rem. Code § 
33.004(e). Galbraith responded by moving for summary 
judgment under the applicable statute of repose, contesting its joinder because more than ten years had elapsed since the 
completion of the improvement. See id. § 16.008 (barring suits against 
engineers for their design, plan, or inspection of the construction of an 
improvement to real property ten years after its substantial completion). The 
trial court granted Galbraith’s motion, severed the Pochuchas’ claims against Galbraith, and dismissed that part 
of the case with prejudice. The court of appeals, however, reversed the summary 
judgment and remanded the case against Galbraith for further proceedings. 243 S.W.3d 138.
II
            
Section 16.008 of the Civil Practice and Remedies Code is a statute of 
repose. Johnson v. City of Fort Worth, 774 S.W.2d 653, 
654 (Tex. 1989) (per curiam). It bars a claim 
for damages relating to the design, plan, or inspection of the construction of 
an improvement to real property ten years after the substantial completion of 
the improvement by an engineer, among others.[1] Because the Pochuchas joined Galbraith as a defendant in this suit more 
than ten years after the completion of the improvement, Galbraith argues that 
the statute must be applied to foreclose the Pochuchas’ claims against it.
            
The court of appeals concluded, however, that the claim was not 
foreclosed, but rather had been revived under section 33.004(e)[2] of the Civil Practice and Remedies Code. 
243 S.W.3d at 141. Section 33.004(e) is a part of 
chapter 33, the statutory scheme for the apportionment of responsibility in tort 
and deceptive trade practice actions. See Tex. Civ. Prac. & 
Rem. Code § 33.001-.017. Chapter 33 
provides, among other things, that a defendant in such an action may seek to 
designate a person, who has not been sued by a claimant, as a responsible third 
party. Id. § 33.004(a). A responsible third 
party may include any person who is alleged to have caused in any way the harm 
for which the claimant seeks damages. Id. § 
33.011(6). When such a designation is made, a claimant may also be able 
to join that person as a defendant, and, if joinder is 
sought within sixty days of the designation, limitations cannot be raised as a 
bar. Id. § 33.004(e). Because the Pochuchas joined Galbraith as a defendant within the 
sixty-day window provided under section 33.004(e), the court of appeals 
concluded that the claim had been revived. 243 S.W.3d at 
141.
            
Galbraith argues, however, that section 33.004(e) only revives claims 
“barred by limitations.” Because the revival statute does not mention repose, 
Galbraith contends that it cannot be used to revive a claim extinguished by a 
statute of repose. The court of appeals concluded, however, that the revival 
statute applied both to statutes of repose and statutes of limitations, 
reasoning that the Legislature had used the term “limitations” to refer to both 
types of statutes. 243 S.W.3d at 141 (noting that Civil Practice and Remedies 
Code chapter 16, entitled “Limitations,” contains both statutes of limitations 
and statutes of repose). Although the Legislature has grouped statutes of 
limitation and statutes of repose together in chapter 16 of the Civil Practice 
and Remedies Code under the general heading of “Limitations,” there are 
significant differences between the two.
            
Statutes of repose typically provide a definitive date beyond which an 
action cannot be filed. Holubec v. Brandenberger, 111 S.W.3d 
32, 37 (Tex. 2003). “Unlike traditional limitations 
provisions, which begin running upon accrual of a cause of action, a statute of 
repose runs from a specified date without regard to accrual of any cause of 
action.” Trinity River Auth. v. URS Consultants, Inc., 
889 S.W.2d 259, 261 (Tex. 1994). Repose then differs from limitations in 
that repose not only cuts off rights of action after they accrue, but can cut 
off rights of action before they accrue. Holubec, 111 S.W.3d at 37. 
And while statutes of limitations operate procedurally to bar the enforcement of 
a right, a statute of repose takes away the right altogether, creating a 
substantive right to be free of liability after a specified time. See Trinity 
River Auth., 889 S.W.2d at 261. Thus, the purpose 
of a statute of repose is to provide “absolute protection to certain parties 
from the burden of indefinite potential liability.” Holubec, 111 S.W.3d at 
37.
            
The court of appeals has concluded, however, that reviving a claim 
otherwise barred by a statute of repose is not essentially contrary to this 
purpose because the revival statute in this instance merely provides for a 
limited sixty-day extension. 243 S.W.3d at 141. The 
Legislature can, of course, provide for the extension of a period of repose. 
See, e.g., Tex. Civ. Prac. & Rem. Code § 16.008(c) 
(providing that presenting a written claim for damages to an engineer within the 
ten-year period extends the period “for two years from the day the claim is 
presented”). But applying the revival statute to revive a period of repose does 
more than merely extend the period for two months. It effectively renders the 
period of repose indefinite by attaching the claim’s revival to the existence of 
some other claim and party that may not be subject to the same or similar period 
of repose.
            
Here, both the original defendant, Bill Cox, and the subsequently 
designated responsible third party, Galbraith, worked on the same improvement to 
real property and were subject to similar ten-year statutes of repose.[3] Hence, the court of appeals viewed 
section 33.004(e) as extending the period only by sixty days. But in other cases 
a responsible third party may be subject to a longer period of repose or none at 
all, creating an opportunity for revival many months or years beyond the 
ten-year period of repose prescribed by section 16.008. A products liability 
claim would be an example of this.
            
We have held that section 16.008 was not intended to grant repose to 
manufacturers in product liability suits and only precludes suits against 
persons or entities in the construction industry that annex personalty to realty. Sonnier v. Chisholm-Ryder 
Co., 909 S.W.2d 475, 478-83 (Tex. 1995). Moreover, products claims 
now have their own statute of repose, a fifteen-year period to which exception 
is made for products with longer warranties and for products that cause latent 
diseases. See Tex. Civ. Prac. 
& Rem. Code § 
16.012(b)-(e). Thus, a manufacturer or seller of a 
defective product can be sued years after the ten-year period of repose at issue 
here. Assuming that this product was used in an improvement to real property, 
the seller or manufacturer named as a defendant might years later designate the 
party who installed its product as a responsible third party, and, under the 
court of appeals’ view, invoke the sixty-day window in section 33.004(e) to 
revive a claim otherwise subject to section 16.008 many years after the running 
of the ten-year statute of repose.
III
            
Statutes of repose are created by the Legislature, and the Legislature 
may, of course, amend them or make exceptions to them. The question here, 
however, is whether the Legislature intended to make such an exception when it 
enacted section 33.004(e) as part of its proportionate responsibility scheme, 
that is, did the Legislature intend for the revival statute to operate as a 
general exception to periods of repose.
            
Statutory construction is a question of law we review de novo. First Am. Title Ins. Co. v. Combs, 258 S.W.3d 627, 631 (Tex. 
2008). In construing statutes, our primary objective is to give effect to 
the Legislature’s intent as expressed in the statute’s language. Tex. Gov’t Code § 312.005; First Am. Title, 258 S.W.3d at 
631-32. If the words of a statute are clear and 
unambiguous, we apply them according to their plain and common meaning. City of Rockwall v. Hughes, 246 S.W.3d 621, 625-26 (Tex. 
2008).
            
It is unclear here, however, whether the Legislature intended the term 
“limitations” in section 33.004(e) to apply narrowly to statutes of limitations 
or more broadly to include statutes of repose because the term has been used in 
both contexts.[4] When the plain language of a statute does 
not convey the Legislature’s apparent intent, we may resort to additional 
construction aids, such as the objective of the law, the legislative history, 
the common law or former statutory provisions, including laws on the same or 
similar subject, and the consequences of a particular construction. 
Hughes, 246 S.W.3d at 626; Tex. Gov’t Code § 311.023.[5]
            
The consequence of construing “limitations” broadly here informs our 
decision. Such a construction would defeat the recognized purpose for statutes 
of repose, that is, the establishment of a definite end to the potential for 
liability, unaffected by rules of discovery or accrual. Holubec, 111 S.W.3d at 37; Trinity River 
Auth., 889 S.W.2d at 261; Johnson, 774 S.W.2d at 
654 n.1. As already observed, statutes of repose create a substantive 
right to be free from liability after a legislatively determined period. 
Trinity River Auth., 889 S.W.2d at 261; see also Cadle Co. v. Wilson, 136 S.W.3d 345, 350 (Tex. 
App.—Austin 2004, no pet.). In contrast, statutes of limitations are procedural 
devices operating as a defense to limit the remedy available from an existing 
cause of action. Cadle Co., 136 S.W.3d at 350. A statute of repose thus represents the 
Legislature’s considered judgment as to the inadequacy of the traditional 
statutes of limitations for some types of claims. Sowders v. M.W. Kellogg 
Co., 663 S.W.2d 644, 647 (Tex. App.—Houston [1st Dist.] 1983, writ ref’d n.r.e.). The statute 
of repose at issue here is no different.
            
When first enacted in 1969, the stated purpose of this statute of repose 
was to eliminate “unlimited time liability” against engineers or architects. 
Act of May 27, 1969, 61st Leg., R.S., ch. 418, § 2, 1969 Tex. Gen. Laws 1379, 1379 (amended 1985) 
(current version at Tex. Civ. Prac. & Rem. Code 
§ 16.008). The statute 
has been amended since 1969 to extend protection to interior designers and 
landscape architects, but its purpose of defining a definite period for 
liability to attach has not changed. Act of May 17, 1985, 69th 
Leg., R.S., ch. 959, § 1, 1985 Tex. Gen. Laws 3242, 
3253 (amended 1997) (current version at Tex. Civ. Prac & Rem. Code 
§ 16.008); Act of May 26, 1997, 75th Leg., 
R.S., ch. 860, § 1, 1997 Tex. Gen. Laws 2738, 2738 
(current version at Tex. Civ. Prac. & Rem. 
Code § 16.008).
            
The proportionate responsibility scheme of chapter 33, on the other hand, 
is a complex statutory scheme for the comparative apportionment of 
responsibility among parties in most tort actions in Texas. Although the scheme 
initially equated responsibility with liability to the plaintiff or claimant, 
this is no longer the case.[6] Thus, a defendant may designate a 
responsible third party even though that party possesses a defense to liability, 
or cannot be formally joined as a defendant, or both. Chapter 33 then is 
apparently unconcerned with the substantive defenses of responsible third 
parties, who are defined to include “any person who is alleged to have caused or 
contributed to causing in any way the harm for which recovery of damages is 
sought, whether by negligent act or omission, by any defective or unreasonably 
dangerous product, by other conduct or activity that violates an applicable 
legal standard, or by any combination of these.” Tex. Civ. Prac. & Rem. 
Code § 33.011(6). But we 
have found nothing in section 33.004 or the proportionate responsibility scheme 
to convince us that the Legislature intended to revive claims extinguished by a 
statute of repose. Cf. Shirley v. Reif, 
920 P.2d 405, 412 (Kan. 1996) (holding that a claim barred by a statute of 
repose cannot be revived by legislation enacted after the period of repose); 
Farber v. Lok-N-Logs, Inc., 701 N.W.2d 368, 377-78 
(Neb. 2005) (holding amendment to product liability statute of repose could not 
resurrect action which prior version of statute of repose had already 
extinguished). Because application of the revival statute in this instance 
effectively renders the period of repose indefinite, a consequence clearly 
incompatible with the purpose for such statutes, we conclude that the 
Legislature intended for the term “limitations” in section 33.004(e) to refer 
only to statutes of limitations.
* 
* * * *
            
The judgment of the court of appeals is reversed and judgment is rendered 
dismissing the Pochuchas’ claim against Galbraith 
because it is barred by the applicable ten-year statute of repose.
 
___________________________________
David M. 
Medina
Justice
 
 
OPINION DELIVERED: 
June 26, 2009












[1] The statute 
also applies to architects, interior designers, and landscape 
architects.

[2] “If a person 
is designated under this section as a responsible third party, a claimant is not 
barred by limitations from seeking to join that person, even though such joinder would otherwise be barred by limitations, if the 
claimant seeks to join that person not later than 60 days after that person is 
designated as a responsible third party.” Tex. Civ. Prac. & 
Rem. Code § 
33.004(e).

[3] There is a 
separate ten-year statute of repose for contractors who make improvements to 
real property. See Tex. Civ. 
Prac. & Rem. Code § 16.009; see also Ryland Group, Inc. v. Hood, 924 S.W.2d 120, 
121 (Tex. 1996) (per curiam). Whether the Pochuchas timely filed suit against Bill Cox is not at issue 
in this appeal.

[4] The statutes 
of repose in chapter 16 of the Civil Practices and Remedies Code refer to 
limitations rather than a period of repose. See Tex. Civ. Prac. & Rem. 
Code § 16.008(c) (mentioning “10-year 
limitations period”); id. § 16.009(c)(same); id. § 16.011(b) (same); id. § 
16.012(d-1) (mentioning “limitations period under this section”). Only section 
16.011 mentions repose. Id. § 16.011(c) (“This section 
is a statute of repose and is independent of any other limitations 
period.”). Elsewhere in the Code the Legislature has used the phrase 
“limitations and repose” when referencing both statutes of limitations and 
statutes of repose rather than simply using the term “limitations” as it did in 
section 33.004(e). See id. § 150.002(f) (relating to a “certificate of 
merit” in actions against design professionals, such as architects and 
engineers, and stating: “This statute shall not be construed to extend any 
applicable period of limitation or repose.”); see also id. § 147.043 
(regarding the effect of legal disability, and explaining its application to 
“periods of limitation and repose”); id. § 147.044(b) (mentioning the 
“period of limitation or repose” under this section); Tex. Ins. Code § 462.309(c) (concerning 
“Stay of Proceedings” and stating: “Statutes of limitation or repose are not 
tolled during the stay, and any action filed during the stay is stayed upon the 
filing of the action.”).

[5] While the 
language in today’s statute is somewhat unclear, thus justifying cautious use of 
secondary construction aids, we recently reaffirmed that such aids “cannot 
override a statute’s plain words.” In re Collins, ___ S.W.3d ___, ____ 
(Tex. 2009) (citing Alex Sheshunoff Mgmt. Servs., L.P. v. Johnson, 209 S.W.3d 644, 652 (Tex. 2006) 
(“Wherever possible, we construe statutes as written, but where enacted language 
is nebulous, we may cautiously consult legislative history to help divine 
legislative intent.”)).

[6] The 
proportionate responsibility chapter was enacted in 1995 and amended in 2003. 
The 1995 legislation contained a number of limitations on who might be named a 
responsible third party, such as a requirement for personal jurisdiction and a 
potential for liability to the claimant. Act of May 8, 1995, 
74th Leg., R.S., ch. 136, § 1, 1995 Tex. Gen. Laws 971, 973 (amended 2003) 
(current version at Tex. Civ. Prac. & Rem. Code 
§ 33.011). Certain 
potential parties, such as the claimant’s employer and the bankrupt were 
expressly excluded. Id. The 2003 amendments substantially broadened the 
meaning of the term “responsible third party” to eliminate these restrictions. 
As one commentator has observed: “The thrust of the 2003 
statute is that the jury should allocate responsibility among all persons who 
are responsible for the claimant’s injury, regardless of whether they are 
subject to the court’s jurisdiction or whether there is some other impediment to 
the imposition of liability on them, such as a statutory immunity.” 19 
William V. Dorsaneo III, Texas 
Litigation Guide § 291.03[2][b][i] at 291-24.1 
(2009).