ACCEPTED
06-14-00064-CV
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
5/13/2015 1:57:22 PM
DEBBIE AUTREY
CLERK

## No. 06-14-00064-CV

# In The Sixth Court Of Appeals Texarkana, Texas

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS
5/13/2015 1:57:22 PM
DEBBIE AUTREY
Clerk

JOYCE STEEL ERECTION, LTD.,
*Appellant*

V.

GORDON RAY BONNER,
*Appellee*

FROM THE 202ND JUDICIAL DISTRICT COURT, BOWIE COUNTY, TEXAS
CAUSE NO. 11C0822-202
HONORABLE LEON F. PESEK JR., PRESIDING

## APPELLANT'S REPLY BRIEF

**NORTON ROSE FULBRIGHT US LLP**
J. Jeffery Richardson
State Bar No. 16864450
jeff.richardson@nortonrosefulbright.com
2200 Ross Avenue, Suite 3600
Dallas, Texas  78201
Telephone: 214.855.8121
Facsimile: 214.855.8200

**NORTON ROSE FULBRIGHT US LLP**
Rosemarie Kanusky
State Bar No. 00790999
rosemarie.kanusky@nortonrosefulbright.com
300 Convent, Suite 2100
San Antonio, Texas 78205
Telephone: 210.270.9362
Facsimile: 210.270.7205

*Counsel for Joyce Steel Erection, Ltd.*

# Table Of Contents

Table Of Contents ..............................................................................................2

Index Of Authorities .........................................................................................3

Introduction .......................................................................................................4

Argument............................................................................................................4

    I.     The trial court miscalculated the amount of prejudgment interest. ................................................................................................4

    II.    The trial court miscalculated the amount of recoverable damages. ...............................................................................................7

Conclusion .........................................................................................................9

Certificate Of Compliance & Service .............................................................11

# Index Of Authorities

**Page(s)**

**Cases**

*Battaglia v. Alexander*,
  177 S.W.3d 893 (Tex. 2005) ......................................................................4, 5, 6

*Brainard v. Trinity Universal Ins. Co.*,
  216 S.W.3d 809 (Tex. 2006) .........................................................................5, 6

*Galbraith Eng'g Consultants, Inc. v. Pochucha*,
  290 S.W.3d 863 (Tex. 2009) ............................................................................7

*Pilgrim's Pride Corp. v. Cernat*,
  205 S.W.3d 110 (Tex. App.—Texarkana 2006, pet. denied)............................7, 8

*Roberts v. Williamson*,
  111 S.W.3d 113 (Tex. 2003) ...........................................................................6, 8

*Tow v. Speer*,
  CIV.A. H-11-3700, 2015 WL 1058080 (S.D. Tex. Mar. 10, 2015)....................6

**Statutes**

TEX. CIV. PRAC. & REM. CODE (2015)
  § 33.004(i).....................................................................................................8
  § 33.012.........................................................................................................8
  § 33.012(a) .....................................................................................................7
  § 33.012(b).....................................................................................................7
  § 33.013.........................................................................................................8
  § 33.013(a) .....................................................................................................8

**Introduction**

This appeal involves two issues of de novo review. The first issue questions whether the "amount of damages to be recovered by the claimant" used in Section 33.012(a) of the Civil Practice and Remedies Code can be misread, as Bonner does, as the "amount awarded by the jury." The second issue questions whether the trial court failed to follow Supreme Court precedent and apply the declining principal formula to the calculation of prejudgment interest.

**Argument**

**I.      The trial court miscalculated the amount of prejudgment interest.**

Bonner concedes that if the declining principal formula applies to the calculation of prejudgment interest in this case, then "the correct amount of the judgment would be $1,937,467.32." Appellee's Brief at 18. Bonner erroneously contends, however, that the declining principal formula cannot apply because there is no separate jury finding making Joyce Crane jointly and severally liable. *Id.* at 7, 16, 17.

According to Bonner, the declining principal formula is "specifically limited … to the situation where the non-settling defendant is jointly and severally liable." Appellee's Brief at 17 (emphasis removed, citing *Battaglia v. Alexander*, 177 S.W.3d 893, 907 (Tex. 2005)). *Battaglia* says no such thing.

4

Under section III of the *Battaglia* opinion, the Supreme Court found no trial court error in holding the defendant associations jointly and severally liable based on the jury's finding of joint venture. 177 S.W.3d at 904. Under section IV of the opinion, the Supreme Court held "the timing of settlement payments must be taken into account." *Id.* at 907.

Additionally, "[a] settlement payment ***should be credited first to accrued prejudgment interest*** as of the date the settlement payment was made, then to 'principal,' thereby reducing or perhaps eliminating prejudgment interest from that point in time forward." *Id.* at 908 (emphasis added). The Court never limited its declining principal formula to the joint and several context.

If there was any doubt about whether the Supreme Court's holding was limited to cases involving joint and several liability, then the Court removed that doubt in *Brainard v. Trinity Universal Ins. Co.*, 216 S.W.3d 809, 811 (Tex. 2006), which involved a single defendant without joint and several liability. The unanimous Court held that, "to satisfy the purpose of prejudgment interest, settlements must be credited periodically, according to the date they are received." *Id.* at 816.

Furthermore, the Court held, the settlement credit "is applied ***first to accrued prejudgment interest*** and then to principal." *Id.* at 817 (emphasis added). "This approach, known as the 'declining principal' formula, ***is the proper way*** to apply

5

credits in the calculation of prejudgment interest." *Id.* at 816 (emphasis added); *see also Tow v. Speer*, CIV.A. H-11-3700, 2015 WL 1058080, *15 (S.D. Tex. Mar. 10, 2015) (likewise applying *Battaglia* in the absence of joint and several liability).

Bonner's novel joint and several liability requirement has no basis in the case law. It also makes no sense in light of what Bonner asked the trial court to do. Bonner did credit the settlement payments periodically, as required by the first part of the declining principal formula. But Bonner failed to follow the second half of the formula by crediting the payments ***first*** to accrued prejudgment interest. 7CR3903 (calculation for the initial judgment); 7CR4040 (calculation for the amended judgment). The trial court made the same fundamental mistake that should now be corrected. 7CR3934-35; 7CR4042-43.

Bonner's real complaint seems to be that the settlement payments were made by parties "that the jury specifically found were not responsible." Appellee's Brief at 18. The Supreme Court, however, has not made any exceptions to its declining principal formula. *See Brainard*, 216 S.W.3d at 816; *see also Roberts v. Williamson*, 111 S.W.3d 113, 123 n.7 (Tex. 2003) ("[A] defendant may incidentally benefit from a claimant's favorable settlement with others.").

The trial court here did not follow the Supreme Court's declining principal formula in its entirety. At a minimum, the judgment must be modified to reflect a proper calculation.

**II.     The trial court miscalculated the amount of recoverable damages.**

Bonner contends that the proportionate responsibility statute is "simple." Appellee's Brief at 12. The Supreme Court disagrees. *Galbraith Eng'g Consultants, Inc. v. Pochucha*, 290 S.W.3d 863, 868 (Tex. 2009) (describing chapter 33 of the Civil Practice and Remedies Code as "a complex statutory scheme").

Bonner also argues — without citing a single supporting case or even the pertinent section of the proportionate responsibility statute — that the "jury's determination of the amount of damages gives the trial court its starting point for all subsequent damage calculations and reductions." Appellee's Brief at 10. Bonner then mischaracterizes Joyce Crane's issue regarding Section 33.012 of the Civil Practice and Remedies Code as an attempt to create a statutory ambiguity. *Id.* at 12.

To the contrary, Section 33.012 is not ambiguous. *Pilgrim's Pride Corp. v. Cernat*, 205 S.W.3d 110, 117-18 (Tex. App.—Texarkana 2006, pet. denied) (declining to find ambiguity when holding that Section 33.012 "imposes limits on what a claimant may recover"). Section 33.012 repeatedly refers to the "amount of damages to be recovered by the claimant." TEX. CIV. PRAC. & REM. CODE § 33.012(a), § 33.012(b). The section does not refer to the "amount of damages

found by the jury," although the legislature could have used that simple phrase if that had been its intent.

Nor is Joyce Crane trying to create a conflict between Sections 33.012 and 33.013, as Bonner suggests. *See* Appellee's Brief at 12; *see also Pilgrim's Pride*, 205 S.W.3d at 118 ("Section 33.013 limits the liability of a particular defendant who is not jointly and severally liable."). Instead, Section 33.012 should be construed according to its plain terms.

Section 33.012's reference to the "amount of damages to be recovered by the claimant" should be construed to exclude the amount of damages attributable to the responsible — but not liable — third party. TEX. CIV. PRAC. & REM. CODE § 33.012, § 33.004(i). Doing so results in a take-nothing judgment in Joyce Crane's favor.

On other facts not present here (such as different awards or allocation of responsibility), the limit "on the amount of liability" stated in Section 33.013 would come into play. TEX. CIV. PRAC. & REM. CODE § 33.013. Significantly, Section 33.013 specifically refers to the "damages found by the trier of fact." *Id.* § 33.013(a). The legislature's use of that explicit phrase in Section 33.013 signals its intent to mean something else in Section 33.012 when it says the "amount of damages to be recovered by the claimant." *See Roberts*, 111 S.W.3d at 123

("[D]amages under these two sections are the same only when the claimant has not settled and shares no responsibility.").

The judgment should be reversed because properly applying the proportionate responsibility statute and pertinent settlement credits yields a take-nothing judgment in favor of Joyce Crane.

## Conclusion

For all the foregoing reasons and those stated in its opening brief, Joyce Crane requests a take-nothing judgment in its favor and release of its surety, or alternatively, reformation of the judgment to reflect the proper calculation of prejudgment interest (which reduces the judgment to $1,937,467.32). Joyce Crane prays for all other relief to which it may be entitled.

Respectfully submitted,

NORTON ROSE FULBRIGHT US LLP

By: */s/ Rosemarie Kanusky*
    State Bar No. 00790999
    rosemarie.kanusky@nortonrosefulbright.com
300 Convent, Suite 2100
San Antonio, Texas 78205
Telephone: 210.224.5575
Telecopier: 210.270.7205

*and*

NORTON ROSE FULBRIGHT US LLP
J. Jeffery Richardson
Jeff.Richardson@Nortonrosefulbright.com
2200 Ross Avenue, Suite 3600
Dallas, Texas  78201
Telephone: 214.855.8121
Facsimile: 214.855.8200

*Counsel for Appellant,*
*Joyce Steel Election, Ltd.*

## Certificate Of Compliance & Service

I certify that this brief complies with type-face and type-volume requirements. The document contains 1,485 words excluding the table of contents and index of authorities.

I certify that a copy of this brief was emailed to the following:

Robert L. Clements
Robert@clementslaw.com
Kelly R. Clements
Kelly@clementslaw.com
CLEMENTS & CLEMENTS
731 N. St. Paulus Ave.
Dallas, Texas 78214
*Counsel for Appellee,*
*Gordon Ray Bonner*

Paul A. Bezney
paul@ahblaw.net
J. Kevin Kindred
kevin@ahblaw.net
Adkerson, Hauder & Bezney, P.C..
1700 Pacific Avenue, Ste. 4450
Dallas, Texas 75201
*Counsel for Appellant,*
*Joyce Steel Election, Ltd.*

John R. Mercy
jmercy@texarkanalawyers.com
MERCY CARTER TIDWELL, L.L.P
1724 Galleria Oaks Drive
Texarkana, Texas 75503
*Counsel for Appellee,*
*Gordon Ray Bonner*

Brent L. Watkins
bwatkins@skeltonslusher.com
Skelton Slusher Barnhill
Watkins Wells, PLLC
1616 South Chestnut
Lufkin, Texas 75901
*Counsel for Intervenor,*
*American Interstate Insurance*
*Company*

*/s/ Rosemarie Kanusky*
May 13, 2015

41669667

11