ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

November 19, 2010

The Honorable Eddie Lucio Jr.
Chair, Committee on International Relations
    and Trade
Texas State Senate
Post Office Box 12068
Austin, Texas 78711-2068

Opinion No. GA-0822

Re: Eligibility for health insurance of survivors of
a public servant killed in the line of duty
(RQ-0886-GA)

Dear Senator Lucio:

You ask about continued health insurance benefits of a surviving spouse of a public servant killed in the line of duty.[1] Specifically, you inquire whether

> a surviving spouse or child of a public servant killed in the line of
> duty that was eligible for coverage under the public employer's health
> insurance plan before the death but had not yet elected to be covered,
> [is] entitled to apply for coverage after the death of the public servant
> under the provisions of Chapter 615, Government Code[.] And if so,
> were the survivors who were not covered at the time of death entitled
> to reapply for coverage under the provisions of Chapter 615,
> Government Code, as amended by Senate Bill 872?

Request Letter at 1, 4.

Generally, chapter 615, Government Code, provides for certain benefits to eligible survivors of specified law enforcement officers, fire fighters, and others who are employed by the state, its political subdivisions and other entities. *See* TEX. GOV'T CODE ANN. §§ 615.001–.123 (West 2004 & Supp. 2010). Within subchapter D, chapter 615, section 615.073 provides that an eligible surviving spouse of a deceased individual included in section 615.071 is "entitled to purchase continued health insurance benefits" from the deceased officer's employer. *Id.* § 615.073(a) (West Supp. 2010) (relating to deceased law enforcement officer employed by the state), 615.073(b) (relating to deceased law enforcement officer employed by a political subdivision of the state); *see also id.* § 615.071 (West 2004) (identifying law enforcement officers of which person must be surviving spouse to be eligible for subchapter D benefits). You inform us that surviving spouses of

---

[1]Request Letter at 1 (*available at* http://www.texasattorneygeneral.gov).

officers killed in the line of duty have been denied health insurance coverage by the officer's employer due to a strict construction of the phrase "continued coverage." Request Letter at 2. Thus you ask us to advise you on the meaning and scope of section 615.073.

The primary goal in construing statutes is to ascertain and effectuate the Legislature's intent. *See Galbraith Eng'g Consultants, Inc. v. Pochucha*, 290 S.W.3d 863, 867 (Tex. 2009). Courts begin with the statute's plain language as the surest guide to that intent. *See Presidio Indep. Sch. Dist. v. Scott*, 309 S.W.3d 927, 930 (Tex. 2010). Courts construe a statute's undefined words according to their plain and common meaning. *City of Waco v. Kelley*, 309 S.W.3d 536, 542 (Tex. 2010); *see* TEX. GOV'T CODE ANN. § 311.011 (West 2005) ("Words and phrases shall be read in context and construed according to the rules of grammar and common usage."). Where the text is unambiguous, courts adopt a construction supported by the statute's plain language unless a contrary intention is apparent from the context or the construction would lead to an absurd result. *City of Waco*, 309 S.W.3d at 542; *see State v. Neesley*, 239 S.W.3d 780, 783 (Tex. Crim. App. 2007) (recognizing that "a statute is unambiguous where it 'admits of no more than one meaning'" (citation omitted)).

On its face, section 615.073 entitles a surviving spouse to "purchase continued health insurance benefits." TEX. GOV'T CODE ANN. § 615.073(a) (West Supp. 2010). Chapter 615 does not define the word "continued." *See generally id.* §§ 615.001–.123 (West 2004 & Supp. 2010). A generally understood common meaning of "continued" is to "persist in an activity or process." NEW OXFORD AMERICAN DICTIONARY 371–72 (2001). Under this meaning the term "continued" would seem to include reference to a point prior in time, which in this context would mean a time prior to the death of the individual. A court could construe the word "continued" in section 615.073 to mean the health insurance benefits that persist from a time prior to the individual's death. However, the term "continued" is also commonly defined to mean "to be permanent or durable; to endure; to last." WEBSTER'S NEW INT'L DICTIONARY 577 (1947). This definition connotes lasting effect and does not necessarily include an implicit reference to a prior point in time. A court construing the phrase in section 615.073 according to this definition could read it to mean the lasting "health insurance benefits," or health insurance benefits that endure. With such a construction, there is no point prior from which the health insurance benefits must persist, but rather they last or endure from the individual's death. With these two definitions of the term "continued," section 615.073 could admit of more than one meaning.

Given the latent ambiguity in the statute as well as the special nature of the class on which this provision operates, we will not speculate on the construction a court would give to section 615.073. *Cf.* Tex. Att'y Gen. Op. Nos. GA-0446 (2006) at 6 ("Texas courts avoid 'under the guise of statutory construction, amend[ing] a statute by adding words to it, no matter how desirable such additions might seem.'" (citations omitted)); GA-0279 (2004) at 4–5 (recognizing that the Attorney General's constitutional duty to render legal advice does not include the authority to legislate). Thus, we cannot advise you on the meaning and scope of section 615.073. Of course in the absence of a judicial construction, the Legislature is free to clarify the meaning of 615.073.

Because your second question is contingent upon an affirmative answer to your first question, we do not address it.

## S U M M A R Y

Given the latent ambiguity in section 615.073, Government Code, as well as the nature of the circumstances by which a surviving spouse becomes eligible for benefits under chapter 615, we will not speculate on the construction a court would give to the phrase "continued health insurance benefits."

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

DAVID J. SCHENCK
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Charlotte M. Harper
Assistant Attorney General, Opinion Committee