# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-11-00590-CV

**William Tinsley, Appellant**

**v.**

**E. Daniel A. Nansi, Appellee**

### FROM THE COUNTY COURT AT LAW NO. 1 OF TRAVIS COUNTY,
### NO. C-1-CV-11-004221, HONORABLE J. DAVID PHILLIPS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

This appeal arises from a dispute over the refund due appellant William Tinsley upon termination of his sublease of a room in the leased residence of appellee E. Daniel A. Nansi. Tinsley appeals pro se the trial court's judgment in his favor, challenging the trial court's application of the law and the amount of damages awarded. Because we find no error in the trial court's interpretation and application of the law, we affirm the trial court's judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

In July or August 2011, Tinsley responded to an advertisement placed by Nansi for the sublease of a room in a residence Nansi and a roommate leased. The parties agree that the monthly rental amount stated in the advertisement was $400 but disagree as to the terms regarding

payment of utilities.[1] Tinsley agreed to sublease the room and paid Nansi $400 as a security deposit and $200 for one-half month's rent based on his plans to move into the room on August 12. Prior to Tinsley's moving in, the parties agreed that the monthly rental amount would be $450 instead of $400. At some point, Nansi presented Tinsley with one or more contracts, but Tinsley objected to some of the language, including the term that he would pay utilities, and never signed a sublease contract. On August 26, Tinsley paid Nansi $550, and on September 3, he terminated the sublease and demanded a refund of his $400 deposit and prorated rent for September in the amount of $513. Citing Tinsley's failure to give him 30 days' notice, Nansi withheld the prorated refund for the month of September and offered to refund the $400 deposit less Tinsley's share of the utilities from mid-August through September, for a total of $279. Tinsley refused Nansi's offer and filed suit in small claims court. After a hearing, the justice of the peace entered an order awarding Tinsley $279 and costs of suit.

Tinsley appealed to the county court. At trial, the court heard the testimony of three witnesses—Tinsley, Nansi, and a friend of Nansi's. Tinsley testified that the advertisement stated rent of $400 per month, including utilities, and that on August 3, 2011, he met Nansi at the residence and paid him $600—$400 as a security deposit and $200 for one-half month's rent based on his plans to move in on August 12. He also testified that Nansi presented him with a contract indicating monthly rent of $400, but Tinsley objected to some of the language, including the term that he would pay utilities, and did not sign it. Tinsley stated that on the day he moved in, Nansi informed him that

---

[1] The advertisement was placed electronically on Craigslist, and no copy of it was available at trial.

the monthly rent would be $450 instead of $400, he agreed, and Nansi presented him with a second contract, revised to indicate monthly rent of $450, which he also refused to sign. Tinsley further stated that on August 26, Nansi informed him that the rent would increase to $550 plus utilities. Tinsley testified that he told Nansi that he would have to think about the increased rent but paid him $550 to "buy time" until he could find another place to live. Tinsley also testified that he found an apartment, moved out on September 3, and requested a refund of his $400 deposit and prorated rent for September in the amount of $513. Tinsley stated that Nansi had not refunded any of the money he had paid.

Nansi testified that the advertisement indicated rent of $400 per month with utilities split equally among the tenants. His testimony regarding the dates the parties met and their discussions of rental amounts, payment of utilities, and contracts is somewhat confusing but is consistent with Tinsley's testimony regarding a proffered contract indicating monthly rental of $400, the agreed increase in rent from $400 to $450, Tinsley's refusal to sign any contract, and the amounts Tinsley paid him. Nansi stated that the term regarding utilities was always that the three roommates would split them evenly. He also testified that Tinsley wanted to pay a set monthly amount of $100 for utilities and that he did not agree to that because Tinsley's share would fluctuate from month to month. He stated that the $550 Tinsley paid for September was for $450 in rent and $100 for utilities. Nansi also stated that because Tinsley had not given him 30 days' notice before terminating the sublease, he had already paid the rent and had only the $400 deposit in his

3

possession. He further testified that he offered to pay Tinsley his $400 deposit less his share of the utilities from mid-August through September—$123— for a total refund of $279.[2]

Nansi's friend corroborated the parties' testimony regarding their agreement that the monthly rental would be $450 and Nansi's testimony about the parties' discussions regarding whether Tinsley could pay a fixed monthly amount for utilities. Following the testimony, the trial court stated its findings and conclusions that: (1) the parties agreed to a monthly rental amount of $450; (2) without the advertisement, it was impossible to know, but it was doubtful it stated that utilities were included; (3) because this was a month to month rental, Tinsley was required to give Nansi 30 days' notice, and Nansi was entitled to the last month's rent; (4) Tinsley paid Nansi a total of $1,150; (5) Tinsley owed $450 for one and one-half months for a total of $675; and (6) Tinsley owed $121 for his share of the utilities for one and one-half months. The trial court then entered a judgment awarding Tinsley $354 and costs of court. This appeal followed.

## DISCUSSION

In two issues, Tinsley challenges the trial court's interpretation and application of certain sections of the property code. Statutory construction is a question of law, and we review a trial court's interpretation of the law de novo. *See In re Dep't of Family & Protective Servs.*, 273 S.W.3d 637, 642 (Tex. 2009) (orig. proceeding); *Texas Mun. Power Agency v. Public Util. Comm'n*, 253 S.W.3d 184, 192 (Tex. 2007); *State v. Shumake*, 199 S.W.3d 279, 284 (Tex. 2006). Of primary concern is the express statutory language. *See Galbraith Eng'g Consultants, Inc.*

---

[2] Although Nansi testified that Tinsley's share of the utilities was $123, the record shows that he offered to refund $279, indicating that Tinsley's share of the utilities was actually $121.

*v. Pochucha*, 290 S.W.3d 863, 867 (Tex. 2009). We apply the plain meaning of the text unless a different meaning is supplied by legislative definition or is apparent from the context, or the plain meaning leads to absurd results. *Marks v. St. Luke's Episcopal Hosp.*, 319 S.W.3d 658, 663 (Tex. 2010).

In his first issue, Tinsley contends that the trial court erred in finding that he was required to give Nansi 30 days' notice because under section 91.001(a) of the property code, the 30-day notice requirement applies only to agreements between landlords and tenants and under section 92.001(2), only the owner of a residential dwelling is a landlord. *See* Tex. Prop. Code Ann. §§ 91.001(a) (defining landlord), 92.001(2) (requiring minimum of 30 days' notice by tenant or landlord for termination of month to month tenancy with rent-paying period of at least one month) (West 2007). Tinsley thus argues that because Nansi is not the owner of the residence, he cannot be a landlord for purposes of section 91.001(a), and the agreement between Tinsley and Nansi is not subject to the 30-day notice requirement contained in section 91.001(a). We do not find this argument persuasive.

Section 92.001(2) expressly defines landlord to include a sublessor of a dwelling, and, as sublessor of a room in the residential dwelling he leased, Nansi is a landlord for purposes of the property code provisions applicable to landlords and tenants. *See generally id.* §§ 91.001-.006. (West 2007). Therefore, section 91.001(a)—which provides that a tenancy from month to month may be terminated by notice given by the tenant or the landlord—and section 91.001(b)—which provides that in the case of a rent-paying period of at least one month, the tenancy terminates on the later of the day given in the notice or one month after the day on which the notice is given—apply

5

to the sublease agreement between Tinsley and Nansi. *See id.* § 91.001(a), (b)(1) & (2). Based on the plain language of the statute, we conclude that the trial court was correct in its interpretation of sections 92.001(2) and 91.001and in holding that Tinsley was required to give Nansi 30 days' notice of termination of the sublease. *See id.* §§ 91.001(a) & (b), 92.001(2); *Galbraith Eng'g Consultants, Inc.*, 290 S.W.3d at 867. We overrule Tinsley's first issue.[3]

In his second issue, Tinsley argues that even if he was required to give 30 days' notice, the trial court miscalculated the duration of the obligation that arose under section 91.001(b)(2) from his failure to give 30 days' notice.[4] Tinsley contends that under section 91.001(b)(2), the 30-day period would have ended October 3, 2010, which was thirty days after he moved out, and that the trial court erred in holding that he owed rent for 45 days instead of 31 days. Tinsley's argument is not entirely clear. In calculating the amount due Tinsley, the trial court began with the undisputed amount Tinsley paid to Nansi and subtracted the utilities owed and the rental amount times one and one-half months, or 45 days. However, the 45 days represented the one-half of the month of August during which Tinsley resided in the room and the one month after the date Tinsley gave notice—not 45 days after he gave notice. In other words, the trial court correctly applied section 91.001(b)(2) by requiring Tinsley to pay for the full month of September—essentially one month after he gave notice. *See id.* §§ 91.001(b)(2); *Galbraith Eng'g Consultants, Inc.*, 290 S.W.3d at 867. We overrule Tinsley's second issue.

---

[3] Tinsley also argues that the trial court should have awarded him an additional $675, the amount the trial court deducted for one and one-half months' rent. However, we observe that such an award would result in Tinsley's paying no rent at all.

[4] Tinsley cites section 91.001(c)(3) of the property code, but the property code contains no such provision. Accordingly, we construe his brief to refer to section 91.001(b)(2).

## CONCLUSION

Having overruled Tinsley's issues, we affirm the judgment of the trial court.

_____

Melissa Goodwin, Justice

Before Chief Justice Jones, Justices Rose and Goodwin

Affirmed

Filed:   November 7, 2012