# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-13-00239-CV

Handwerker Hren Legal Search, Inc.; Debra Hren; and Neil Handwerker, Appellants

v.

Recruiting Partners GP, Inc. d/b/a Kinney Recruiting, Inc., Appellee

FROM THE DISTRICT COURT OF TRAVIS COUNTY, 419TH JUDICIAL DISTRICT
NO. D-1-GN-09-000420, HONORABLE STEPHEN YELENOSKY, JUDGE PRESIDING

## CONCURRING OPINION

I concur in the result the majority reaches. However, I write separately to highlight the incongruous and illogical result that Kinney recover attorney's fees. Kinney did not seek a declaratory judgment based on allegations of a contract; rather, he alleged there was *no contract*. If Handwerker and Hren had sued Kinney for breach of an alleged contract, and Kinney had successfully defended the suit on the basis of "no contract," he could not have recovered attorney's fees. I am incredulous that he should be able to do so merely by filing a preemptive declaratory judgment action seeking a declaration of no contract.

The UDJA's stated purpose is "to settle and afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations." *See* Tex. Civ. Prac. & Rem. Code § 37.002(b). Section 37.004 operates to provide an individual whose rights and legal relations are at issue in a contractual dispute a vehicle by which he can solicit the court to resolve questions of

construction or validity under the contract and obtain a declaration of rights, status or other legal relations thereunder, including a declaration of non-liability on a contract. *MBM Fin. Corp. v. Woodlands Operating Co.*, 292 S.W.3d 660, 668 (Tex. 2009); *Transportation Ins. Co. v. WH Cleaners, Inc.*, 372 S.W.3d 223, 228 (Tex. App.—Dallas 2012, no pet.)*; Quick v. Plastics Solutions of Tex., Inc.*, 270 S.W.3d 173, 188 (Tex. App.—El Paso 2008, no pet.). "It is axiomatic that a contractual dispute must rest upon a contract, or at least an allegation of a contract." *Beacon Nat'l Ins. Co. v. Montemayor*, 86 S.W.3d 260, 267–68 (Tex. App.—Austin 2002, no pet.) (where plaintiff did not seek resolution of dispute *between contracting parties* or declaration of *contracting parties' rights*, district court properly refused to hear UDJA claim).

In his second amended petition, Kinney sought a declaration that he had no contractual or legal obligation to share the placement fee with H & H because the demand for payment was made "under an alleged contract that does not exist." In his live pleading, Kinney did not contend that he had a contract with Lucas rather than Hren; instead, Kinney asserted merely that he had a "discussion" with Hren in her capacity as agent for Lucas, that they discussed a potential split of the placement fee should the candidate obtain employment, but that no agreement was ever reached as to "certain material terms of any alleged placement fee splitting agreement," including how to split any resulting fee. Thus, Kinney did not seek to resolve questions of construction or validity *of a contract* or a declaration of rights, status, or other legal relations *under a contract*, nor did he seek a declaration of non-liability *on a contract*. *See* Tex. Civ. Prac. & Rem. Code § 37.004; *MBM Fin. Corp.*, 292 S.W.3d at 668; *Transportation Ins. Co.*, 372 S.W.3d at 228. Instead, Kinney

2

sought a declaration of non-liability based on his claim that there was *no contract* and, in fact, did not ask the trial court to construe any documents whatsoever.

"The purpose of the [UDJA], as evidenced by its own terms, is to declare *existing* rights, status, or other legal relations." *Republic Ins. Co. v. Davis*, 856 S.W.2d 158, 164 (Tex. 1993) (emphasis added) (internal quotations omitted); *accord Dallas Cnty. Tax Collector v. Andolina*, 303 S.W.3d 926, 930 (Tex. App.—Dallas 2010, no pet.). "The statute cannot be invoked as an affirmative ground for recovery to revise or alter such rights or legal relations." *Davis*, 856 S.W.2d at 164. It seems to follow logically that the UDJA also was not intended to be used to declare the *nonexistence* of such rights or legal relations. *See* Tex. Civ. Prac. & Rem. Code § 37.002(b). It is true that the UDJA expressly contemplates declarations for non-liability, *see* Tex. Civ. Prac. & Rem. Code § 37.003(3) (declaration may be either affirmative or negative), and that declarations of non-liability under a contract are among the most common suits filed under the UDJA, *see MBM Fin. Corp.*, 292 S.W.3d at 668. However, as noted, Kinney did not seek a declaration of non-liability on an existing contract. Moreover, the statute contemplates declarations that arise from existing rights, status, or other legal relations between the parties, not declarations of non-liability that exist in a vacuum, i.e., in the absence of any existing contract, right, status, or other legal relation between the parties. *See* Tex. Civ. Prac. & Rem. Code §§ 37.002–.005; *Davis*, 856 S.W.2d at 164.

I have found no other cases in which the UDJA has been held to be the proper vehicle for establishing the *absence* of a contract, the *absence* of an interest, or the *absence* of a right, status, or other legal relation where the parties have *no* legal relationship, and it seems unfathomable that the UDJA was intended to provide for such declarations. *See* Tex. Civ. Prac. & Rem. Code

3

§§ 37.002–.005. Perhaps this case is an anomaly. I can only hope that the UDJA does not become a means to obtain attorney's fees in the absence of any relationship whatsoever between the parties, contractual or otherwise. Such a result defies logic. For these reasons, I cannot conclude that the result that Kinney recover attorney's fees based on an allegation of "no contract" was an intended result of the drafters of the UDJA. Nonetheless, I concede that the result in this case is compelled by the plain language of the statute. *See Marks v. St. Luke's Episcopal Hosp.*, 319 S.W.3d 658, 663 (Tex. 2010) (stating plain language standard for statutory construction); *Galbraith Eng'g Consultants, Inc. v. Pochucha*, 290 S.W.3d 863, 867 (Tex. 2009) (noting that our primary concern is express statutory language). Thus, I concur in the judgment.

_____
Melissa Goodwin, Justice

Before Justices Puryear, Goodwin, and Field

Filed:   August 19, 2015