# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-20-00150-CV

---

**Hughella F. Kelley, Appellant**

**v.**

**Employees Retirement System of Texas, Appellee**

---

### FROM THE 53RD DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-GN-18-007216, THE HONORABLE MAYA GUERRA GAMBLE, JUDGE PRESIDING

---

### M E M O R A N D U M   O P I N I O N

Hughella F. Kelley (Kelley) is the surviving parent of Officer Marc Uland Kelley (Officer Kelley), a licensed Texas peace officer who was employed by a private university when he was injured in the line of duty and died shortly thereafter. Kelley filed a claim with the Employees Retirement System of Texas (ERS) for survivors' benefits under Chapter 615 of the Government Code. *See* Tex. Gov't Code §§ 615.003, .021, .022. ERS denied Kelley's claim, and she appealed to ERS's board of trustees, which referred her case to the State Office of Administrative Hearings (SOAH) for a contested-case hearing before an administrative law judge (ALJ). *See id.* §§ 615.044, 815.511. The ALJ issued a proposal for decision denying Kelley benefits, and ERS adopted the ALJ's decision. *See id.* § 815.511. Kelley filed a petition for judicial review in district court, *see id.* § 2001.171, and the trial court affirmed ERS's order. We will affirm the district court's judgment.

## DISCUSSION

In one issue turning entirely on statutory construction, Kelley contends that the trial court erred in affirming the ERS order because as a matter of law Officer Kelley is a covered individual under Section 615.003 of the Government Code. *See id.* § 615.003. The version of Section 615.003 that was effective in 2014 when Officer Kelley died provides, in relevant part:

> This chapter applies only to eligible survivors of the following individuals:
>
> > (1) an individual elected, appointed, or employed as a peace officer by the state or a political subdivision of the state under Article 2.12, Code of Criminal Procedure, or other law[.]

Act of May 25, 2013, 83d Leg., R.S., ch. 1163, § 1, sec. 615.003, 2013 Tex. Gen. Laws 2890, 2890 (amended 2017) (current version at Tex. Gov't Code § 615.003) (referred to hereafter as Former Section 615.003).[1] A survivor of an individual listed in Section 615.003 is eligible for

---

[1] When the legislature amended the statute in 2017, it relabeled the text of paragraph (1), without change, as (1)(A) and added new paragraph (1)(B):

> This chapter applies only to eligible survivors of the following individuals:
>
> > (1) an individual:
> >
> > > (A) elected, appointed, or employed as a peace officer by the state or a political subdivision of the state under Article 2.12, Code of Criminal Procedure, or other law; or
> > >
> > > (B) employed as a peace officer by a private institution of higher education, including a private junior college, that is located in this state under Section 51.212, Education Code[.]

Tex. Gov't Code § 615.003. It is undisputed that paragraph (1)(B) was not in effect when Officer Kelley died, is not retroactive, and does not apply to this case.

benefits if the listed individual "died as a result of a personal injury sustained in the line of duty in the individual's position as described by Section 615.003." Tex. Gov't Code § 615.021(a)(1).

In the administrative proceeding, the parties stipulated to the following relevant facts: (1) Officer Kelley was employed by Trinity University, a private institution of higher education, as a licensed peace officer at all relevant times; and (2) if Chapter 615 is applicable to the death of a peace officer who was employed by a private institution of higher education and died prior to September 1, 2017, Officer Kelley's survivors would be entitled to benefits due to the circumstances of his death, *see id.* Among other conclusions of law, the ALJ determined "as a matter of law, that Officer Kelley was not covered by the provisions of Texas Government Code chapter 615 at the time of his death . . . and therefore Ms. Kelley does not meet the requirements to be a qualified survivor of a covered individual." On appeal, Kelley asserts that the trial court erred in affirming the ALJ and ERS's implied legal determination that Former Section 615.003 does not apply to peace officers who died as a result of personal injury sustained in the line of duty in the officer's position as an employee of a private institution of higher education before September 1, 2017. *See id.* § 2001.174(d) (providing that, in reviewing agency decision, court "shall reverse or remand" case if appellant's rights have been prejudiced because administrative decision is affected by "error of law").

Our goal in construing a statute is to ascertain and give effect to the legislature's intent, looking first to the "plain and common meaning of the statute's words." *Bush v. Lone Oak Club, LLC*, 601 S.W.3d 639, 647 (Tex. 2020) (citing *MCI Sales & Serv., Inc. v. Hinton*, 329 S.W.3d 475, 500 (Tex. 2010)). "Where statutory text is clear, that text is determinative of legislative intent unless the plain meaning of the statute's words would produce an absurd result." *Texas Workforce Comm'n v. Wichita County*, 548 S.W.3d 489, 492 (Tex. 2018).

3

Statutory construction is a question of law that we review de novo. *See Galbraith Eng'g Consultants, Inc. v. Pochucha*, 290 S.W.3d 863, 867 (Tex. 2009).

The text of Former Section 615.003 unambiguously provides that covered individuals are those "elected, appointed, or employed as a peace officer *by the state or a political subdivision of the state* under Article 2.12, Code of Criminal Procedure, or other law." *See* Former Section 615.003 (emphasis added). On its face and according to the plain meaning of its words, therefore, Former Section 615.003 does *not* apply to peace officers who were *not* elected, appointed, or employed by the state or one of its political subdivisions.[2]

In her brief, Kelley does not address the text in Former Section 615.003 requiring that a peace officer be elected, appointed, or employed by the state or a political subdivision of the state but instead argues that Officer Kelley's employment is covered by the "or other law" language at the end of the sentence. *See id.* She contends that the "other law" applicable here is Section 51.212 of the Texas Education Code. *See* Tex. Educ. Code § 51.212 (authorizing governing boards of private institutions of higher education to employ peace officers).

However, Kelley's proposed construction of Former Section 615.003—even assuming that Officer Kelley was employed under "other law" besides Article 2.12—requires a reading of the statute that omits entirely the phrase "by the state or a political subdivision of the state."[3] *See* Former Section 615.003. We eschew statutory constructions rendering any portion

---

[2] Kelley conceded in the administrative proceeding that Officer Kelley was not elected, appointed, or employed by the state or one of its political subdivisions.

[3] Article 2.12 of the Code of Criminal Procedure encompasses Education Code Section 51.212 and includes in the definition of "peace officers" those officers "commissioned under . . . Subchapter E, Chapter 51, Education Code." *See* Tex. Code Crim. Proc. art. 2.12. However, that fact does not change our conclusion, which hinges not on whether Officer Kelley was a peace officer but on whether he was employed by the state or a political subdivision of the state.

4

of a statute superfluous. *See City of Dallas v. TCI W. End, Inc.*, 463 S.W.3d 53, 57 (Tex. 2015) (per curiam). Instead, the reference to "other law" simply allows for the inclusion of survivors of peace officers who were employed by the state or a political subdivision under some provision outside of Article 2.12. The dispositive inquiry is not under which law Officer Kelley was employed as a peace officer but whether he was employed by the state or one of its political subdivisions. *See* Former Section 615.003. It is undisputed that he was not.

Accordingly, we hold that because Officer Kelley sustained his injury while in the line of duty as a peace officer employed by a private institution rather than by the state or one of its political subdivisions, he is not a covered individual under Former Section 615.003, and Kelley is not entitled to survivor's benefits.[4] We overrule Kelley's sole appellate issue.

## CONCLUSION

We affirm the district court's final judgment.

---

[4] Although we may not rely on extrinsic aids such as legislative history to construe unambiguous statutes, *see Texas Health Presbyterian Hosp. of Denton v. D.A.*, 569 S.W.3d 126, 135 (Tex. 2018), we note that our construction of Former Section 615.003 is consistent with the bill analyses of the 2017 amendments adding an additional paragraph to cover peace officers employed by private institutions of higher education, *see, e.g.*, Author's/Sponsor's Statement of Intent, Bill Analysis, Tex. H.B. 1526, 85th Leg., R.S. (May 5, 2017) (explaining that 2017 amendment was being proposed because death benefits provided to survivors of certain law enforcement officers were not available to survivors of peace officers employed by private institutions of higher education); House Comm. on State Affairs, Bill Analysis, Tex. H.B. 1526, 85th Leg., R.S. (2017) (explaining that House Bill 1526 was seeking to extend eligibility to survivors of officers employed by private institutions).

_____

Thomas J. Baker, Justice

Before Chief Justice Byrne, Justices Baker and Kelly

Affirmed

Filed:   June 29, 2021