ACCEPTED
01-12-01167-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
5/26/2015 2:01:39 PM
CHRISTOPHER PRINE
CLERK

## No. 01-12-01167-CV

## IN THE FIRST COURT OF APPEALS
## HOUSTON, TEXAS

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
5/26/2015 2:01:39 PM
CHRISTOPHER A. PRINE
Clerk

## THE BOARD OF TRUSTEES OF THE HOUSTON FIREFIGHTERS' RELIEF AND RETIREMENT FUND

**Appellant**

**v.**

## THE CITY OF HOUSTON, TEXAS

**Appellee**

## RESPONSE TO APPELLEE'S MOTION FOR REHEARING

## ON APPEAL FROM THE 189TH JUDICIAL DISTRICT COURT OF HARRIS COUNTY, TEXAS
## NO. 2012-28760

WILLIAM A. WORTHINGTON
Texas Bar No. 22010300
JACK G. CARNEGIE
Texas Bar No. 03826100
KELLY H. LEONARD
Texas Bar No. 24078703
Strasburger & Price, LLP
909 Fannin Street, Suite 2300
Houston, Texas 77010-1036
(713) 951-5600
(713) 951-5660 Fax
william.worthington@strasburger.com
jack.carnegie@strasburger.com
kelly.leonard@strasburger.com

**Attorneys For Appellant**

2105614.4/SPH/43490/0256/052615

# TABLE OF CONTENTS

                                                                                                  Page

TABLE OF CONTENTS .................................................................................... ii

INDEX OF AUTHORITIES .............................................................................. iii

ARGUMENT ...................................................................................................... 1

I.    The Court Interpreted the Plain Language of the Statute and Did Not
Find It Ambiguous. ....................................................................................... 2

II.    The Court Considered Previously Whether Section 802.1012 Requires
a Comprehensive Replication Audit Based on the City's Arguments
and Concluded that It Does Not. .................................................................. 4

III.    Section 802.1012 Does Not Impose a Ministerial Duty on the Board to
Produce the Underlying Materials Requested by the City. ........................... 7

CONCLUSION .................................................................................................... 9

CERTIFICATE OF COMPLIANCE ................................................................... 10

CERTIFICATE OF SERVICE ............................................................................ 11

2105614.4/SPH/43490/0256/052615

# INDEX OF AUTHORITIES

**Page(s)**

**CASES**

*Anderson v. City of Seven Points*,
806 S.W.2d 791 (Tex. 1991) ..............................................................1, 3, 6

*Galbraith Eng'g Consultants, Inc. v. Pochucha*,
290 S.W.3d 863 (Tex. 2009) ...................................................................4

*In re Columbia Medical Center of Las Colinas*,
290 S.W.3d 204 (Tex. 2009) (orig. proceeding) .....................................7

*In re Prudential Ins. Co.*,
148 S.W.3d 124 (Tex. 2009) (orig. proceeding) .....................................7

*In re Smith*,
333 S.W.3d 582 (Tex. 2011) (orig. proceeding) ...............................4, 7, 8

*Leland v. Brandal*,
257 S.W.3d 206 (Tex. 2008) ...................................................................4

*Lippencott v. Whisenhunt*,
No. 13-0926, Slip Op. at 2, ___ S.W.3d ___ (Tex. Apr. 25, 2015)....................4

*Living, Inc. v. Redinger*,
667 S.W.2d 846 (Tex. App.—Houston [1st Dist.] 1984, no writ) ...................2

*State Bar of Texas v. Heard*,
603 S.W.2d 829 (Tex. 1980) ...................................................................3

**STATUTES**

TEX. CIV. PRAC. & REM. CODE § 103.001...............................................8

TEX. GOV'T CODE ANN. § 311.023 .........................................................4

TEX. GOV'T CODE ANN. § 802.1012(c)..............................................1, 2, 5

TEX. GOV'T CODE ANN. § 802.1012........................................................passim

2105614.4/SPH/43490/0256/052615

## ARGUMENT

A court must apply a statute as written. It may not amend a statute judicially by adding words not contained in the language of the statute.

The principal question in this case is the meaning of Texas Government Code Section 802.1012 and whether it imposes a ministerial duty on the Board of Trustees of the Houston Firefighters' Relief and Retirement Fund ("the Board") to provide, in connection with an independent actuarial audit under the statute, particular information to the City of Houston. *See* TEX. GOV'T CODE ANN. § 802.1012; *Anderson v. City of Seven Points*, 806 S.W.2d 791, 793 (Tex. 1991).

That question was addressed fully in the parties' briefing and at oral argument. In a thorough and carefully written opinion, the Court concluded that Section 802.1012(c) does not "prescribe or define a specific duty" for the Board to provide the particular information requested. Op. at p. 15. The Court therefore held that Section 802.1012 does not require that the Board provide the City with "all information . . . requested by the independent actuary." Op. at p. 17–18. Rather, Section 802.1012 "suggests an exercise of judgment [by the Board]" in protecting confidential information. *Id.* at 17. The Court's holding, which considered both the plain language of the statute and its legislative intent, is not contrary to Texas law.

The City's Motion for Rehearing ("the Motion") merely disagrees with the result in this case. The Motion offers no new authority, record citations or arguments that were not presented to the Court when it rejected the City's claims in its Opinion. The Motion should therefore be denied. *See, e.g., Living, Inc. v. Redinger*, 667 S.W.2d 846, 856 (Tex. App.—Houston [1st Dist.] 1984, no writ).

## I. The Court Interpreted the Plain Language of the Statute and Did Not Find It Ambiguous.

The City's Motion presents a series of weak or unsupported assumptions. It begins with the premise that "the Court [held] that Texas Government Code Section 802.1012 does not plainly-enough identify the kind of audit it requires of a pension system's actuarial evaluation." Motion at p. 1. Based on this premise, the City contends that the statute is ambiguous and that the Court should therefore engage in a protracted statutory analysis to conclude that Section 802.1012 requires a comprehensive, replication audit of the Board's pension plan.[1] *Id.* at p. 2.

The City raised this same argument in its Response Brief. *See* Response at p. 15-17. There, the City addressed the canons of statutory construction and asked

---

[1] The City's Motion further assumes that, if the statute mandates a replication audit, it necessarily also mandates the comprehensive disclosure requested of the Board, Motion at 3-4, and it concludes by assuming that the Board refused to comply with its request to perform a ministerial duty. *Id.* at 4-5. While stacking assumptions, the City does not address the premature timing of both its demand to the Board and its petition for mandamus. Op. at 4-5; *See* TEX. GOV'T CODE ANN. § 802.1012(c).

2

the Court to consider its "context" in interpreting Section 802.1012. Response at p. 15. The City further urged that, "regardless of whether the language is clear and unambiguous, the court may consider the circumstances under which the statute was enacted, the object to be obtained and the consequences of a particular construction." *Id.* In its Motion, the City recites these identical arguments in asking the Court to reconsider its analysis of Section 802.1012. The Motion presents nothing new for the Court's consideration.

Furthermore, the premise upon which the City bases its Motion for Rehearing lacks foundation. The Court did not conclude that Section 802.1012 is ambiguous or unclear. To the contrary, the Court held that Section 802.1012 does not establish "a ministerial (i.e., nondiscretionary) duty 'to provide and disclose to the independent actuary . . . all information and/or electronic data (including all 'census data') requested by the independent actuary' for a replication-level audit." Op. at p. 17 (citing *Anderson*, 806 S.W.2d at 793 and quoting trial court's December 21, 2012 order in this case). The fact that the statute does not prescribe a ministerial duty does not render it ambiguous, and the Court's analysis does not hinge on whether the statute is ambiguous. The Court considered the plain language of the statute and whether it requires the Board to perform a ministerial act under established Texas law. *Id.*; *see, e.g., State Bar of Texas v. Heard*, 603 S.W.2d 829 (Tex. 1980).

3

Not having found the statute ambiguous, the Court did not need to resort to legislative cannons of construction to interpret Section 802.1012. The Texas Supreme Court has observed: "[W]e consider it a fair assumption that the Legislature tries to say what it means, and therefore the words it chooses should be the surest guide to legislative intent." *In re Smith*, 333 S.W.3d 582, 586 (Tex. 2011) (orig. proceeding) (citations and internal quotations omitted). Courts therefore first look to a statute's plain meaning. *See Lippencott v. Whisenhunt*, No. 13-0926, Slip Op. at 2, ___ S.W.3d ___ (Tex. Apr. 25, 2015) (citing *Leland v. Brandal*, 257 S.W.3d 206, 206 (Tex. 2008)). If its language is unambiguous, the court ends its analysis. *Id.* Only when statutory language is susceptible to more than one reasonable interpretation, does the court look beyond the statute's plain language for clues to the Legislature's intended meaning. *See Galbraith Eng'g Consultants, Inc. v. Pochucha*, 290 S.W.3d 863, 867-68 (Tex. 2009) (referencing TEX. GOV'T CODE ANN. § 311.023)). The plain meaning of Section 802.1012 is wholly consistent with the Court's Opinion, and the Court did not, therefore, need to look beyond the statute's language.

II.  **The Court Considered Previously Whether Section 802.1012 Requires a Comprehensive Replication Audit Based on the City's Arguments and Concluded that It Does Not.**

After assuming that the Court held that Section 802.1012 is ambiguous—which the Court did not—the City suggests in Section II of its Motion that, *if* the

4

Court had considered (1) legislative intent, (2) context, (3) the consequences of a construction, and (4) the public interest, *then* the Court would necessarily have to conclude that Section 802.1012 requires a comprehensive, replication audit. *See* Motion at p. 2-4. The City briefed this point fully in its Response. *See* Response at p. 17-22.[2]

And, while the Court did not need to look beyond the plain language of Section 802.1012 to hold that the statute does not impose a ministerial duty upon the Board, it did. Reviewing the legislative history of Section 802.1012, the Court concluded that:

> [N]either the language of section 802.1012(c) *nor the legislative intent* prescribe or define a specific duty to act and, to the extent it implies a duty, it fails to do so with the "precision" and "certainty" necessary to make the action ministerial.

Op. at p. 15 (emphases added). Contrary to the City's suggestion, the cannons of construction would not change this result. Nor does the City offer any support for the proposition that the context, legislative history or any other consideration would change the outcome in this case. *Compare* Motion at p. 3-2 *with* Response at p. 17-22.

---

[2] The Board also briefed the legislative history of Section 802.1012. In its opening brief, the Board directed the Court to the purposes underlying Section 802.1012, which was intended "to improve the quality and consistency of information *available to state regulators* responsible for oversight of these [public pension] plans." *See* Appellant's Opening Brief, at p. 23, n.18 & 19.

5

The Court's opinion considered and answered whether—in the context of a mandamus proceeding—the City carried its summary judgment burden to demonstrate that the Board lacked discretion in responding to the City's request. The City did not establish that Section 802.1012 imposes a ministerial duty on the Board, and it does not. A ministerial duty must be defined "with sufficient certainty that nothing is left to the exercise of discretion." Op. at p. 9 (citing *Anderson*, 806 S.W.2d at 792 n.1). Section 802.1012 does not meet this standard.

As the Court concluded, Section 802.1012 confers discretion to the Board in working with the City in performing the independent actuarial audit of the Fund's assets and liabilities.[3] The statute does not therefore "require," "mandate" or otherwise impose clearly a duty on the Board to disclose "census data" or the other material requested by the City in this case. *See* Op. at p. 17. This holding does not suggest in any way that the statute itself is ambiguous or requires an analysis of its Legislative history. It does recognize that the statute provides the Board discretion, and that the Board's duty under the statute is not, therefore, purely "ministerial." Accordingly, mandamus relief is not a remedy for the City's claims.

---

[3] The City urges the clarity of its interpretation of Section 802.1012 in support of its claim to mandamus. The City's auditor, however, performed only "a high level audit" in 2008, which suggests that the statute does not "clearly" require a replication audit as the City claims. Op. at 16.

6

If the City disagrees with the statute, its remedy is through legislative and not judicial review.

**III.    Section 802.1012 Does Not Impose a Ministerial Duty on the Board to Produce the Underlying Materials Requested by the City.**

In its final argument, the City assumes that the Board had a ministerial duty to "supply the independent actuary" with the requested information. Motion at p. 4-5. The City's concluding assumption is likewise without foundation. Section 802.1012 is not ambiguous. *See supra* at pp. 2 through 4. Nor does Section 802.1012 impose a ministerial duty upon the Board to produce the requested information. *See supra* at pp. 4 through 6.

The City relies upon three cases to support its conclusion that the panel was incorrect in holding that the Board's duty to produce is not ministerial. The City's reliance on each case is misplaced. None of the cases involve the statute or issues in this case, and two of the cases are original proceedings brought in the court of appeals challenging a district court ruling and not an alleged statutorily founded ministerial duty. *In re Columbia Medical Center of Las Colinas*, 290 S.W.3d 204 (Tex. 2009) (orig. proceeding), is a petition for mandamus review of a trial court's order disregarding a jury verdict and granting a new trial. *In re Prudential Ins. Co.*, 148 S.W.3d 124 (Tex. 2009) (orig. proceeding), is an original proceeding seeking a writ of mandamus to enforce a contractual jury waiver. Neither case involves Section 802.1012 or anything like it.

7

The third case, *In re Smith*, 333 S.W.3d 582 (Tex. 2011) (orig. proceeding), does implicate a statutory provision, but the decision supports the panel's opinion. *In re Smith* arose under the Texas Wrongful Imprisonment Act, TEX. CIV. PRAC. & REM. CODE § 103.001, which provides monetary compensation to victims of wrongful conviction and incarceration. The amount of the compensation is determined by the Texas Comptroller of Public Accounts. *Id.* at 586-87. The decision addresses whether mandamus should issue to direct the Comptroller to recalculate the amount statutorily due to the claimant-former inmate under the statute at issue in that case. *Id.*

Neither *In re Smith* nor the two other cases cited by the City suggest that the panel erred whatsoever in its interpretation of Section 802.1012 in this case. To the contrary, *In re Smith* confirms that this panel was correct in framing its analysis: whether the plain language of Section 802.1012 required the performance of a ministerial duty by describing the act clearly and with sufficient certainty that nothing is left to the exercise of discretion. *In re Smith*, 333 S.W.3d at 585 ("The Court's mandamus authority extends 'to order or compel the performance of a judicial, ministerial or discretionary act or duty that, by state law, the officer or officers are authorized to perform.'"); Op. at p. 9. The evidence in this case does not meet the standard for issuance of a mandamus, and the City's

8

citation to three cases arising under other facts and based upon other statutes does not alter the application of the law to the facts in this case.

The City's conclusions that (1) the statute is ambiguous, (2) that, upon analysis, it creates a ministerial duty, and (3) that the Board failed to comply with a request to perform a ministerial duty were raised and rejected by the Court previously. Moreover, the cases cited by the City do not support rehearing of the Court's Opinion.

## CONCLUSION

A well-founded motion for rehearing may rely on subsequent clarifications of the law or other, new considerations which impact the Court's analysis. The City even recognizes that "mandamus lies to correct a newly incorrect application of the law." Motion at p. 5. Yet, the City does not point to a change in the law since this case was briefed or decided or to any other new consideration that would materially impact the Court's analysis. The City's Motion offers nothing that this Court has not considered already. It should be denied.

WHEREFORE, the Board of Trustees of the Houston Firefighters' Relief and Retirement Fund prays that this Court deny The City of Houston's Motion for Rehearing, and for such other and further relief, both general and special, whether at law or in equity, to which it may show itself justly entitled.

9

Respectfully submitted,

/s/ William A. Worthington
**William A. Worthington**
Texas Bar No. 22010300
**Jack G. Carnegie**
Texas Bar No. 03826100
**Kelly H. Leonard**
Texas Bar No. 24078703
Strasburger & Price, LLP
909 Fannin St., Suite 2300
Houston, Texas 77010-1036
(713) 951-5600
(713) 951-5660 Fax
william.worthington@strasburger.com
jack.carnegie@strasburger.com
kelly.leonard@strasburger.com

**Attorneys For The Board of Trustees of the Houston Firefighters' Relief and Retirement Fund, Appellant**

## CERTIFICATE OF COMPLIANCE

In accord with Rule 9.4 of the Texas Rules of Appellate Procedure, the undersigned counsel hereby certifies that this document was generated with a computer using MS Word and that it contains 2,212 words. Further, this document was prepared using Times New Roman 14-point font, except for its footnotes which are no smaller than Times New Roman 12-point font.

Certified to this the 26th day of May, 2015.

/s/ William A. Worthington
**William A. Worthington**

10

**CERTIFICATE OF SERVICE**

As required by Texas Rules of Appellate Procedure 6.3 and 9.5 (b), (d) and (e), I certify that a true and correct copy of the foregoing has been forwarded via e-file to counsel of record on the 26th day of May, 2015:

Donna L. Edmundson
Judith Ramsey
Lynette K. Fons
City of Houston Legal Department
900 Bagby St., 4th FL
Houston, TX 77002
(832) 393-6259 *fax*

/s/ William A. Worthington
**William A. Worthington**

11