

In The
Court of Appeals
Seventh District of Texas at Amarillo

No. 07-18-00321-CV

JOHN KIRBY & ALL OTHER OCCUPANTS, APPELLANTS

V.

INDEPENDENT FUTURES HOUSING, LLC, APPELLEE

On Appeal from the County Court at Law Number 1
Randall County, Texas
Trial Court No. 73941-L1, Honorable James W. Anderson, Presiding

March 11, 2020

MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and PARKER, JJ.

Appellant John Kirby challenges the trial court's summary judgment in favor of appellee, Independent Futures Housing, LLC ("IFH"), in its forcible detainer action against him. We affirm the judgment.

Background

IFH provides housing for individuals with disabilities. In 2012, IFH leased property in Amarillo from W. Real Estate, Ltd., with an authorization to sublease the premises. IFH

subleased the property to Kirby under a sublease agreement on March 1, 2017. Under the agreement, the sublease would expire by its own terms on February 28, 2018.

In the summer of 2017, Kirby reported to Adult Protective Services and the police that Dorothy Valdez, an employee of IFH, was exploiting him by using his money without his permission. On December 28, 2017, Valdez was indicted by a Randall County grand jury for exploitation of a disabled individual. Three days later, on December 31, 2017, IFH served Kirby with a notice that the sublease would not be renewed upon its expiration in February, and advised Kirby to vacate the premises in a timely manner.[1]

When the sublease expired on February 28, 2018, Kirby had not vacated the premises. On March 29, 2018, IFH hand-delivered a letter demanding that Kirby vacate immediately and advising him that, if he failed to do so within three days, IFH would file an eviction suit. Kirby did not vacate the premises within three days. IFH subsequently filed suit in the Justice of the Peace Court, Precinct Four, in Randall County.

In his answer to the lawsuit, Kirby raised the affirmative defense of retaliation, alleging that his sublease was wrongfully terminated in retaliation for his exercise of rights as a victim of a crime. *See* TEX. PROP. CODE ANN. § 92.331 (West 2014) (the "Anti-Retaliation statute," prohibiting retaliation by a landlord). After a jury found in Kirby's favor, IFH appealed the judgment to Randall County Court at Law No. 1 for a trial de novo. IFH then moved for summary judgment on the ground that Kirby had not engaged in conduct protected under the Anti-Retaliation statute, such that Kirby's sole defense to

---

[1] The termination letter incorrectly indicated that the sublease expired on February 28, 2017. IFH sent a correction letter on January 15, 2018, stating the actual termination date of February 28, 2018.

2

the eviction failed as a matter of law. The trial court granted IFH's motion and Kirby brought this appeal.

## Standard of Review

We review a traditional summary judgment de novo. *Cantey Hanger, LLP v. Byrd*, 467 S.W.3d 477, 481 (Tex. 2015). A traditional summary judgment motion is properly granted when the movant establishes there are no genuine issues of material fact and it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Cantey Hanger*, 467 S.W.3d at 481. "When reviewing a summary judgment, we take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor." *Cantey Hanger*, 467 S.W.3d at 481 (quoting *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005)). When, as here, a movant establishes its right to summary judgment as a matter of law on its claims, the burden shifts to the nonmovant to present evidence raising a genuine issue of material fact regarding its affirmative defense.[2] *See KPMG Peat Marwick v. Harrison County Housing Fin. Corp.*, 988 S.W.2d 746, 749 (Tex. 1999); *Brownlee v. Brownlee*, 665 S.W.2d 111, 112 (Tex. 1984).

## Discussion and Analysis

Chapter 92 of the Texas Property Code prohibits retaliation by a landlord against a tenant and provides that retaliation is an absolute defense in a suit for eviction. TEX.

---

[2] In its motion for summary judgment, IFH advanced arguments regarding Kirby's status as a tenant at sufferance and IFH's compliance with notice requirements. However, those issues were not challenged by Kirby, leaving Kirby's affirmative defense as the only claim in dispute.

PROP. CODE ANN. §§ 92.331, 92.335 (West 2014).[3] As is pertinent here, section 92.331 prohibits a landlord from filing an eviction proceeding because of, and within six months of, a tenant's good faith exercise against a landlord of a right or remedy granted to the tenant under law. § 92.331.

In this appeal, Kirby raises two issues. First, he argues that the trial court erred in granting summary judgment because a genuine issue of fact exists as to whether Kirby's report of exploitation prompted his eviction by IFH. Second, he asserts that the trial court erroneously interpreted the definition of "landlord" under the Property Code.

Issue 1: Anti-Retaliation Statute

There are two prongs to the defense provided under section 92.331: (1) protected conduct by the tenant and (2) a retaliatory act by the landlord. *See* § 92.331. Both prongs must be established for a defendant to be entitled to a retaliation defense. It was Kirby's burden to come forward with summary judgment evidence sufficient to raise a fact issue on each challenged prong of the defense to avoid summary judgment.

Kirby's first issue contends that summary judgment was improper because there is a "fact question as to whether there was retaliation by IFH." IFH moved for summary judgment on the basis that Kirby could not rely on the Anti-Retaliation statute for his defense because he did not engage in any of the statutorily-protected activities described by subsection 92.331(a) within the six-month period preceding the termination of his sublease. That is, IFH only challenged the first prong of Kirby's defense in its motion for

_____

[3] Further references to provisions of the Texas Property Code will be by reference to "section __" or "§ __."

summary judgment, but Kirby's first issue on appeal focuses on the second prong of the retaliation defense, i.e., whether IFH committed a retaliatory act. However, we note that Kirby also argues that "the two prongs co-exist to trigger the defense of retaliation" and that there is a genuine issue of material fact as to whether he exercised his rights and remedies by making reports of exploitation. Therefore, we will liberally construe Kirby's first issue to challenge the summary judgment on his retaliation defense. *See* TEX. R. APP. P. 38.9; *Sterner v. Marathon Oil Co.,* 767 S.W.2d 686, 690 (Tex. 1989) ("[I]t is our practice to construe liberally points of error in order to obtain a just, fair[,] and equitable adjudication of the rights of the litigants.").

In his response to IFH's motion for summary judgment, Kirby claimed that he engaged in protected conduct as described in subsection (a)(1) of section 92.331, which reads: "A landlord may not retaliate against a tenant by taking an action described by Subsection (b) because the tenant: (1) in good faith exercises or attempts to exercise against a landlord a right or remedy granted to the tenant by lease, municipal ordinance, or federal or state statute . . . ." § 92.331(a)(1). Specifically, Kirby alleged:

> Dorothy Valdez was an agent of [IFH] when she committed the crimes for which she has been indicted. She was an agent of [IFH] when [Kirby] contacted and cooperated with law enforcement regarding her crimes. [Kirby's] report to and cooperation with law enforcement are his rights, guaranteed by the Texas Constitution and Texas Criminal Procedure.

Thus, the issue is whether Kirby's report regarding Valdez's conduct to Adult Protective Services and law enforcement is action protected under the Anti-Retaliation statute.

As set forth in the statute, a tenant's rights or remedies must be "exercise[d] *against a landlord*" to come within the scope of protection provided by the Anti-Retaliation

5

rule. *Id.* (emphasis added); *see also Wilson v. Westdale Asset Mgmt., LP,* No. 02-16-00232-CV, 2017 Tex. App. LEXIS 3277, at *5-7 (Tex. App.—Fort Worth Apr. 13, 2017, no pet.) (mem. op.) (per curiam) (directed verdict proper where tenant failed to present evidence showing that company tenant sued for retaliation was tenant's landlord). Here, Kirby only reported Valdez, in her individual name, to Adult Protective Services and law enforcement. The record contains no indication that he made a complaint or took action regarding conduct by IFH. Nonetheless, Kirby alleges that there is a fact question as to whether his report to authorities against Valdez is a report or exercise of his rights against his landlord, IFH. We disagree.

The term "landlord," as used in Chapter 92 of the Texas Property Code, is defined to mean "the owner, lessor, or sublessor of a dwelling, but *does not include a manager or agent of the landlord* unless the manager or agent purports to be the owner, lessor, or sublessor in an oral or written lease." § 92.001(2) (West 2014) (emphasis added). There is no dispute that Valdez was not and did not purport to be the owner, lessor, or sublessor of Kirby's residence. Kirby alleges in his pleadings that Valdez was an agent of IFH.[4] The statutory definition of landlord expressly excludes managers and agents of the landlord. *Id.* As a matter of law, Valdez is not a landlord as that term is defined under Chapter 92.

---

[4] Kirby alleges that Valdez was the Housing Coordinator for IFH during the term of the sublease, which IFH denies. According to IFH, Valdez was Kirby's Case Management Coordinator. The distinction is immaterial to our analysis.

Kirby argues, in a related issue, that the trial court erred in determining that "landlord" does not include a manager or an agent.[5]  Kirby contends that applying this limited definition of landlord renders the Anti-Retaliation statute ineffective or even non-existent in cases where the landlord is a corporation, because corporations can only act through their agents.

In construing statutes, our primary objective is to give effect to the legislature's intent as expressed in the language of the statute.  *Galbraith Eng'g Consultants, Inc. v. Pochuca*, 290 S.W.3d 863, 867 (Tex. 2009).  We rely on the plain meaning of the text as expressing legislative intent unless a different meaning is supplied by legislative definition or is apparent from the context, or the plain meaning leads to absurd results.  *See City of Rockwall v. Hughes*, 246 S.W.3d 621, 625-26 (Tex. 2008).  In this case, the legislature supplied the applicable definition of the word "landlord," and that definition clearly excludes agents.  *See* § 92.001(2).  When a statute defines a term, Texas courts must construe that term according to its statutory definition.  TEX. GOV'T CODE ANN. § 311.011(b) (West 2013).

Further, we disagree with Kirby's contention that use of the legislature's definition yields an absurd result.  Kirby suggests that corporate landlords can shield themselves from consequences under the Anti-Retaliation statute simply by taking retaliatory action through a manager or agent.  This concern is unfounded.  As a general rule, the actions of a corporate agent *on behalf of the corporation* are deemed to be acts of the corporation.

---

[5] Although it made no express ruling on the definition of the word "landlord," the trial court's grant of summary judgment was implicitly based on the definition urged by IFH, relying on section 92.001.

*Holloway v. Skinner*, 898 S.W.2d 793, 795 (Tex. 1995). Nothing in section 92.001 or section 92.331 thwarts that general rule.

The Property Code clearly defines landlord, and the trial court did not err in entering a judgment consistent with that definition. A tenant's exercise of rights against someone other than the tenant's landlord is not protected action under section 92.331(a)(1). Therefore, we conclude that Kirby failed to raise a fact issue that his report of alleged criminal activity by Valdez was an exercise of a right or remedy against his landlord, IFH.

Kirby next contends that we should look first to subsection (b) to determine whether the landlord committed a prohibited retaliatory act. Kirby notes that the eviction proceeding against him is "undisputedly the action of IFH as landlord" and suggests that, if IFH's act could be "considered as a reaction to one of the actions taken by a tenant" under subsection (a), then the retaliation defense is triggered. Again, we disagree.

In our view, Kirby's proposed approach is at odds with the plain language of the statute. Section 92.331 does not lay out the sort of "totality of the circumstances" analysis suggested by Kirby. Rather, the statute identifies two prongs, which are separate and independent requirements that must be satisfied before the retaliation defense applies. Moreover, lumping the two requirements together as Kirby advocates would in this case effectively render the "against a landlord" phrase within subsection (a) a nullity. It is a rule of statutory construction that every word of a statute must be presumed to have been used for a purpose. *Eddins-Walcher Butane Co. v. Calvert*, 298 S.W.2d 93, 96 (Tex. 1957).

Therefore, we conclude that Kirby failed to raise a genuine issue of fact on his retaliation defense.  Accordingly, we overrule Kirby's first issue.

Because our resolution of Kirby's first issue supports the application of the statutory definition of "landlord," we need not address his second issue.  TEX. R. APP. P. 47.1.

Conclusion

We affirm the judgment of the trial court.

Judy C. Parker<br>Justice