# IN THE SUPREME COURT OF TEXAS

═══════════
No. 18-1200
═══════════

═══════════════════════════════════
IN RE MOBILE MINI, INC., RELATOR
═══════════════════════════════════

═══════════════════════════════════
ON PETITION FOR WRIT OF MANDAMUS
═══════════════════════════════════

**PER CURIAM**

Mobile Mini, Inc. seeks mandamus relief compelling the trial court to grant its timely filed motion to designate a responsible third party in a construction worker's personal-injury suit. *See* TEX. CIV. PRAC. & REM. CODE § 33.004. Although the motion was filed after the statute of limitations had expired on the worker's claims against the third party, Mobile Mini argues the trial court was obligated to grant it because (1) the motion was filed more than sixty days before a trial setting, (2) the responsible third party was timely disclosed in response to the worker's discovery requests, and (3) the worker did not challenge the sufficiency of the factual allegations concerning the third party's alleged responsibility. *Id.* § 33.004(a), (d), (g). We agree and therefore conditionally grant Mobile Mini's petition for writ of mandamus.

Luis Covarrubias's pinky finger was injured when a wind gust blew the door of a construction trailer closed on his hand. Mobile Mini owned the trailer, but had leased it to Nolana Self Storage, LLC, the owner of the construction site. When Covarrubias was injured, the trail1er was under the exclusive control of Nolana's contractor, Anar Construction Specialists, LLC.

Nineteen days before the statute of limitations expired on his tort claims, Covarrubias sued Anar and Mobile Mini, but not Nolana. Covarrubias served requests for disclosure along with the original petition. Mobile Mini timely filed an answer and timely served its discovery responses, both of which were due after the limitations period had expired. *See* TEX. R. CIV. P. 99 (deadline to file written answer); 194.3 (deadline to respond to requests for disclosure). Mobile Mini's discovery responses identified Nolana as a potentially responsible third party, *see* TEX. R. CIV. P. 194.2(*l*), and within a week's time, Covarrubias amended his petition to add Nolana as a defendant. The following day, Mobile Mini filed a motion to designate Nolana as a responsible third party so a jury could determine whether Nolana caused or contributed to Covarrubias's injury. *See* TEX. CIV. PRAC. & REM. CODE §§ 33.003–.004. No party opposed the motion to designate, but it sat dormant for nearly two years.

In the interim, the trial court ruled that Covarrubias's tort claims against Nolana were time-barred and, based on that ruling, rendered summary judgment in Nolana's favor on those claims and Mobile Mini's derivative cross-claim for contribution. After the tort claims against Nolana were dismissed with prejudice, Covarrubias and Nolana filed written objections to Mobile Mini's motion to designate, asserting the designation was not proper because Nolana could not be a responsible party once the limitations period had expired. Nolana ultimately secured summary judgment on all claims and was no longer a party to the proceedings when the trial court denied Mobile Mini's request to designate Nolana as a responsible third party.

The court of appeals denied Mobile Mini's mandamus petition without substantive comment, but we hold that Mobile Mini is entitled to mandamus relief because the trial court abused its

discretion in denying Mobile Mini's motion and Mobile Mini lacks an adequate appellate remedy. *See In re Coppola*, 535 S.W.3d 506, 509-10 (Tex. 2017) (appeal is not an adequate remedy for improper denial of a Chapter 33 motion to designate).

Subject to an exception not applicable here, a "responsible third party" is "any person who is alleged to have caused or contributed to causing in any way the harm for which recovery of damages is sought[.]" TEX. CIV. PRAC. & REM. CODE § 33.011(6). Section 33.004 of the Texas Civil Practice and Remedies Code authorizes a tort defendant to seek leave of court to designate a person as a responsible third party by filing a motion for leave "on or before the 60th day before the trial[.]" *Id.* §§ 33.002, .004(a). Mobile Mini's motion was filed 626 days before the first trial setting and was therefore timely.

Even so, when the defendant's motion is timely but filed "after the applicable limitations period on the cause of action has expired with respect to the responsible third party," the defendant may not designate the person as a responsible third party "if the defendant has failed to comply with its obligations, if any, to timely disclose that the person may be designated as a responsible third party under the Texas Rules of Civil Procedure." *Id.* § 33.004(d). Designation of a responsible third party may also be denied "[i]f an objection to the motion for leave is timely filed," "the objecting party establishes . . . the defendant did not plead sufficient facts concerning the alleged responsibility of the person . . .," and the defendant fails to cure the pleading defect. *Id.* § 33.004(f), (g). These constraints exist even though neither designating a person as a responsible third party, nor a finding of fault against the person, imposes liability on that person or provides a basis to impose liability on the person in any other proceeding. *Id.* § 33.004(i).

3

The crux of the dispute here is whether Mobile Mini's discovery response disclosing Nolana as a potentially responsible third party was "timely" even though served after the statute of limitations had expired on Covarrubias's tort claims. Covarrubias argues the disclosure of Nolana as a responsible third party was not timely for section 33.004(d) purposes, even though Mobile Mini served its discovery responses within the time required by the Texas Rules of Civil Procedure, because Mobile Mini could have made the disclosure earlier than the due date. We reject this argument as contrary to the statute's plain language. Mobile Mini's disclosure was timely because under the Texas Rules of Civil Procedure, it was not obligated to disclose potentially responsible third parties until its discovery responses were due.[1]

We recently struck down a trial court order granting leave to designate a responsible third party after the statute of limitations expired, but the circumstances in that case were materially different. Unlike here, the defendant's discovery responses in *In re Dawson* were due before the plaintiff's claims against the third party were time-barred. 550 S.W.3d 625, 627 (Tex. 2018).

In *Dawson*, the plaintiff was injured when a television fell from a wall in a restaurant. Shortly after the limitations period expired, the defendant sought to designate the television installer as a responsible third party. *Id.* The plaintiff opposed the designation on the basis that the defendant had not complied with discovery rules requiring timely identification of "any person who may be designated as a responsible third party." *See id.* (citing TEX. R. CIV. P. 194.2(*l*)).

---

[1] This disposition makes it unnecessary to consider Covarrubias's argument that the fifteen-day objection deadline in section 33.004(f) is either limited to pleading defects or, as applied to the circumstances presented here, violates the Texas Constitution's open courts provision. *See* TEX. CONST. art. I § 13.

4

In timely served initial disclosures, the defendant stated that (1) no other potential parties existed, (2) the injuries were caused by persons beyond the defendant's control, and (3) the defendant would supplement its response with the name, address, and phone number of any potentially responsible third party. *Id.* However, the defendant failed to disclose the installer as a responsible third party until after the limitations period had expired and, even then, failed to provide the installer's address as required. *Id.* at 627, 629.

When the plaintiff was no longer in a position to sue the person the defendant had belatedly identified as causing or contributing to the plaintiff's injuries, the defendant sought to ameliorate or reduce its own liability by shifting responsibility to an "empty chair." The plaintiff complained that section 33.004(d) is designed to prevent this type of procedural gamesmanship, but the trial court allowed the designation, and the court of appeals denied the plaintiff's request for mandamus relief. *Id.* at 628.

We held the defendant's incomplete responses, failure to supplement before limitations expired, and failure to adequately supplement after limitations had expired did not satisfy section 33.004(d)'s timely disclosure requirement or Rule 194.2(*l*)'s requirement that the responding party disclose the name, address, and telephone number of any potentially responsible third party. *Id.* at 629-30; TEX. R. CIV. P. 194.2(*l*). Holding the trial court abused its discretion in allowing the designation, we conditionally granted mandamus relief. *Dawson*, 550 S.W.3d at 631.

Unlike *Dawson*, the circumstances presented here do not invoke the gamesmanship concerns section 33.004(d) operates to prevent. Mobile Mini identified Nolana as a responsible third party in its initial response to Covarrubias's initial request for disclosures and that response was timely

5

under the Texas Rules of Civil Procedure. Because Covarrubias waited almost two years to sue Mobile Mini, the response deadline for the disclosures fell after limitations expired. Mobile Mini did not engage in any dilatory or stall tactics to game the system, but instead filed the discovery response when it was due, and Covarrubias does not contend the response was inadequate. Mobile Mini's failure to disclose Nolana's identity before limitations expired was the natural consequence of Covarubbias's decision to wait to file suit until limitations were nearing terminus. *See Dawson*, 550 S.W.3d at 629; *In re CVR Energy, Inc.*, 500 S.W.3d 67, 73 (Tex. App.—Houston [1st Dist.] 2016, orig. proceeding) (construing section 33.004(d) as providing "'procedural safeguard[s]' that prevent a defendant from undercutting 'the plaintiff's case by belatedly pointing its finger at a time-barred responsible third party against whom the plaintiff has no possibility of recovery'" (alteration in original) (quoting *Withers v. Schneider Nat'l Carriers, Inc.*, 13 F. Supp. 3d 686, 688 (E.D. Tex. 2014))); *see also Spencer v. BMW of N. Am., LLC*, No. 5:14–CV–869–DAE, 2015 WL 1529773, at \*2 n.4 (W.D. Tex. Apr. 2, 2015) ("If the purpose of the timeliness requirement is to afford the plaintiff an opportunity to name the responsible third party as a defendant in the suit, Plaintiff eliminated such a possibility by filing her case so close to the expiration of the statute of limitations."). Plaintiffs who wait until days before limitations expire to file suit do so at their peril. *See In re Bustamante*, 510 S.W.3d 732, 736-37 (Tex. App.—San Antonio 2016, orig. proceeding) (reversing denial of motion to designate when suit was filed one day before the statute of limitations expired); *In re Dakota Directional Drilling, Inc.*, 549 S.W.3d 288, 291-92 (Tex. App.—Fort Worth 2018, orig. proceeding) (three days before limitations expired); *Spencer*, 2015 WL 1529773, at \*2 n.4 (eight days before limitations expired).

Covarrubias argues Mobile Mini could have disclosed Nolana in the sixteen days between being served and the expiration of the limitations period but chose to wait until the last possible day to respond. But Mobile Mini says it learned about Covarrubias's injury for the first time when suit was filed and was entitled to the time the Rules of Civil Procedure allocate to adequately investigate the two-year-old incident. We agree with Mobile Mini that placing the onus on a defendant to respond before the Rules of Civil Procedure obligate it to do so not only contravenes section 33.004(d)'s express language but would also be unfairly prejudicial to defendants.

In *Molinet v. Kimbrell*, we considered the potential imbalance that can occur under section 33.004's proportionate-responsibility framework when expiration of the statute of limitations precludes a plaintiff from seeking recovery from a responsible third party. 356 S.W.3d 407, 417 (Tex. 2011). In doing so, we analyzed section 33.004(d)'s progenitor—the now repealed section 33.004(e), which provided that a plaintiff "is not barred by limitations from seeking to join [a responsible third party]," if joinder was accomplished within sixty days after the defendant's responsible-third-party designation. *Id.* at 411; *see* Act of June 11, 2003, 78th Leg., R.S., ch. 204, § 4.04, 2003 Tex. Gen. Laws 847, 856, *repealed by* Act of May 30, 2011, 82d Leg., R.S., ch. 203, §§ 5.01–.02, 2011 Tex. Gen. Laws 757, 759. *Molinet* involved a conflict between former section 33.004(e), which allowed a limited-time opportunity to resurrect a time-barred claim, and a statute-of-limitations provision in the health-care-liability statute, which did not. We held the latter prevailed over the former, so despite the plaintiff's compliance with former section 33.004(e), the plaintiff could not join the named responsible third parties after limitations had expired. *Molinet*, 356 S.W.3d at 415-16.

Eight months later, the Texas Legislature repealed former section 33.004(e) and added section 33.004(d) in its current form. *See* Act of May 30, 2011, 82d Leg., R.S., ch. 203, §§ 5.01–.02, 2011 Tex. Gen. Laws 757, 759. Section 33.004(d) flipped the script. Instead of allowing a plaintiff to join a time-barred responsible third party within sixty days of the defendant's responsible-third-party designation, section 33.004(d) now places the burden on the defendant to timely disclose potentially responsible third parties or risk forfeiting the ability to designate such persons as responsible third parties after limitations has expired. *Compare id. with* Act of June 11, 2003, 78th Leg., R.S., ch. 204, § 4.04, 2003 Tex. Gen. Laws 847, 856. Finding the proper balance between allowing time-barred responsible-third-party designations and a fair apportioning of liability involves careful consideration of both plaintiffs' and defendants' interests. *See* Justin C. Roberts & Randell C. Roberts, *Can Immune Parties Really Be Responsible?: An Analysis of the Current Interpretation of the Texas Responsible Third Party Statute and Its Vulnerability to Constitutional Challenge*, 43 ST. MARY'S L.J. 559, 561, 571-72 (2012) (noting the statute's purpose is to ensure a defendant only pays the portion of damages for which he is responsible, but that a time-barred responsible third party has no incentive to contest liability which may influence a jury to assign a disproportionate amount of liability to the time-barred party). Such public policy matters are best addressed by the Legislature, and the statutory language here is clear. Because a timely disclosure in accordance with the Texas Rules of Civil Procedure is all that is required of the defendant under the statute, requiring an earlier disclosure in suits filed mere days before the expiration of the statute of limitations is repugnant to the statutory language, unfairly burdens defendants, and skews the legislatively determined balance of interests. Accordingly, we conclude

8

that section 33.004(d) did not deprive Mobile Mini of its statutory right to designate Nolana as a responsible third party.

Covarrubias's other arguments are equally unpersuasive. First, Covarrubias argues Nolana did not meet the statutory definition of a "responsible third party" because Nolana was already a named party in the litigation when Mobile Mini filed its responsible-third-party designation. But Nolana was not a party when the trial court considered and denied Mobile Mini's motion to designate because all of Covarrubias's claims against Nolana had been dismissed from the suit almost seven months prior. Indeed, Nolana's status as a party may explain the trial court's delay in ruling on the motion to designate, because it was unnecessary to rule while Nolana was already a party to the suit.

Second, Covarrubias argues Mobile Mini could not designate Nolana after Nolana was "substantively" dismissed from the suit, because Nolana then could not be "liable" on the merits. But the tort claims against Nolana could not have been dismissed on substantive grounds as none were raised in Nolana's motions for summary judgment. In Texas, statutes of limitations are considered procedural rather than substantive bars to bringing an action. *Russell v. Ingersoll-Rand Co.*, 841 S.W.2d 343, 347 (Tex. 1992). And even if Nolana could not be "liable" due to some substantive defense, we have previously recognized that a "defendant may designate a responsible third party even though that party possesses a defense to liability, or cannot be formally joined as a defendant, or both." *Galbraith Eng'g Consultants, Inc. v. Pochucha*, 290 S.W.3d 863, 868-69

9

(Tex. 2009).[2]  Under the proportionate-responsibility statute, "responsibility" is not equated with "liability."  *Id.* at 868.

Finally, we reject Covarrubias's arguments that (1) Mobile Mini failed to preserve its claim that Nolana's summary judgment was granted only on limitations grounds by failing to make that argument in the trial court and (2) mandamus relief should be denied because Mobile Mini waited three months after the trial court denied its motion to designate to seek mandamus relief in the court of appeals.  A three-month delay does not preclude mandamus relief under the circumstances presented, and Mobile Mini's response to Covarrubias's and Nolana's objections adequately preserved the arguments presented here.

A writ of mandamus will not issue unless an adequate appellate remedy is lacking, but as we recently held in *In re Coppola*, mandamus relief is available to rectify the erroneous denial of a party's timely filed motion to designate a responsible third party.  535 S.W.3d at 507-09.  In such cases, an adequate appellate remedy is ordinarily lacking because allowing a case to proceed to trial without a properly requested responsible-third-party designation "would skew the proceedings, potentially affect the outcome of the litigation, and compromise the presentation of the relator's defense in ways unlikely to be apparent in the appellate record."  *Id.* at 509.

---

[2] The trial court also granted summary judgment in Nolana's favor on Covarrubias's warranty claims and Mobile Mini's contractual-indemnity cross claim on grounds other than the statute of limitations.  The proportionate-responsibility statute does not apply to contract claims.  *See* TEX. CIV. PRAC. & REM. CODE § 33.002.  Some implied warranty claims give rise to damages in tort for purposes of the statute, *see JCW Elecs., Inc. v. Garza*, 257 S.W.3d 701, 702 (Tex. 2008), but even if that were the case here, dismissal of Covarrubias's warranty claims, even on substantive grounds, would have no bearing on the propriety of Nolana's designation as a responsible third party.  *See Galbraith Eng'g Consultants, Inc. v. Pochucha*, 290 S.W.3d 863, 869 (Tex. 2009) ("Chapter 33 then is apparently unconcerned with the substantive defenses of responsible third parties . . . ."); *see also* TEX. CIV. PRAC. & REM. CODE § 33.003 (the trier of fact shall determine the percentage of responsibility "as to each cause of action asserted").

Accordingly, without hearing oral argument, we conditionally grant Mobile Mini's petition for writ of mandamus and direct the trial court to vacate its order denying Mobile Mini's motion to designate Nolana as a responsible third party. The writ will issue only if the trial court fails to do so. *See* TEX. R. APP. P. 52.8(c).

**OPINION DELIVERED:** March 13, 2020